UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES M. BRANDON, | |
| Plaintiff, | |
| v. | Civ. A. No. 26-01340 (AHA) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**DEFENDANT'S PRE-MOTION STATEMENT**

Defendant, through the undersigned counsel, respectfully files this Pre-Motion Statement pursuant to the Court's Minute Order of April 26, 2026.

Plaintiff brings claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–80, arising from the alleged loss of deposit material submitted to the U.S. Copyright Office (the "Office") in 1995 in connection with an application to register the copyright in an unpublished work titled "GOMAB Demo Part I." Compl. (ECF No. 1) ¶¶ 8, 11; *see also* 17 U.S.C. § 408 (requiring an application, fees, and deposit material in the form of one complete copy or phonorecord to register the copyright in an unpublished work). Kenneth Marshall completed and signed the application, identified himself as the sole author of the work, and stated that the "Nature of this Work" was "Song Lyrics" and the "Nature of Authorship" was "WORDS." Compl., Ex. A (ECF No. 1-2).[1] The Office registered the work, assigning it registration number

---

[1]   The application form contradicts Plaintiff's allegation that "[Plaintiff], along with the original composers and songwriters Kenneth Marshall and Charles Utley, registered . . . 'GOMAB Demo Part I' with the [Office]." Compl. (ECF No. 1) ¶ 8. Although Plaintiff asserts that he is the "rightful owner of the copyright," *id.* at 3, neither the Complaint nor the accompanying exhibits explain how he acquired ownership from the author and sole claimant, Kenneth Marshall.

PAu 1-980-216 (the "Registration"), and indexed it in the Office's public catalog with annotations indicating it covered a "[c]ollection of song lyrics" and the deposit consisted of "[s]heets."[2]  *Id.*

Although the application only references song lyrics and words, Plaintiff alleges that the deposit material included a cassette tape in addition to a written document with song lyrics.  Compl. ¶ 8.  The Office has been unable to locate the deposit material.  *See, e.g.*, *id.* ¶ 13. Plaintiff, having apparently retained a copy, sent what he claims to be a replacement deposit to the Office on or about March 3, 2025.  *Id.* ¶ 14; Compl., Exs. E & F (ECF Nos. 1-6, 1-7).

The Complaint alleges that the purported loss of deposit material was a "substantial factor" causing Plaintiff to lose two lawsuits in which he claimed that the Prince song "Girl 6" infringed his copyright in "Phone Sex," a song on GOMAB Demo Part I.  In the first filed case, the Southern District of Florida dismissed the infringement claims, holding that the registration only protected song lyrics and that the "Girl 6" lyrics did not infringe the "Phone Sex" lyrics.  *Brandon v. New Power Generation*, Civ. A. No. 15-22738, 2017 U.S. Dist. LEXIS 109046, at *10–22 (S.D. Fl. Mar. 31, 2017).  In the later filed case, the Southern District of New York held that the earlier decision "finally determined that Plaintiff failed to state a claim that Girl 6 infringed on the copyright for Phone Sex, holding that . . . the [Registration] covered only the lyrics of the song Phone Sex."  *Brandon v. NPG Records, Inc.*, Civ. A. No. 19-1923, 2020 U.S. Dist. LEXIS 76705, at *15 (S.D.N.Y. Apr. 30, 2020), *aff'd*, 840 F. App'x 605 (2d Cir. 2020).  Accordingly, it dismissed the case under the doctrine of collateral estoppel.  *Id.*

Plaintiff asserts that the Office is liable for: (i) negligence *per se* for violating requirements under 17 U.S.C. § 704 concerning retention of deposit copies (Count I); (ii) conversion, "wrongful

---

[2]     U.S. Copyright Office Public Records System, Detailed Record View, Registration Record PAu001980216,   https://publicrecords.copyright.gov/detailed-record/voyager_9768632   (last visited June 22, 2026).

destruction of property," "deprivation of Plaintiff's statutory rights under 17 U.S.C. § 106," and "violation of Plaintiffs' right to procedural due process under the Fifth Amendment" (Count II); and negligence, negligence *per se*, and breach of fiduciary duty for "failure to perform . . . custody, tracking, reproduction, and record-maintenance functions with due care," in violation of 17 U.S.C. §§ 704–08 and unidentified regulations. Plaintiff also seeks injunctive and declaratory relief (Count IV). *See generally* Compl.

In response to Plaintiff's Complaint, the United States intends to move for full dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for the following reasons:

The Court should dismiss the Complaint for lack of standing because Plaintiff has not sustained an injury attributable to the Office's actions.[3] First, under 17 U.S.C. § 704(a), the federal government, not Plaintiff, owns the deposit copy. Second, Plaintiff has not pleaded how he purportedly obtained the copyright to "GOMAB Demo Part I."[4] Third, even if Plaintiff obtained the copyright, given that Kenneth Marshall only claimed authorship in song lyrics, the alleged submission of a cassette tape would not have expanded the scope of the Registration, rendering its alleged loss inconsequential to the lawsuits. U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 503.3 (3d ed. 2021) ("The [Office] only examines the authorship

---

[3]    For the same reasons that Plaintiff lacks standing, he has not alleged any injuries proximately caused by the Office and, accordingly, the common law tort claims should be dismissed.

[4]    The court may determine that Kenneth Marshall is the author and sole claimant based on the application form. *See Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004) ("Nor must we accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint or matters subject to judicial notice.").

that is explicitly claimed in the application.").[5]  Fourth, assuming *arguendo* the copyright included the music *and* it was transferred to Plaintiff, the Office's inability to retrieve the deposit did not impair Plaintiff's ability to pursue his infringement claims because Plaintiff has "exact, true, and accurate" copies of the deposit material for the song lyrics and purportedly the music for GOMAB Demo Part I.  *See, e.g.*, Compl. ¶ 14; Compl., Exs. E & F.

The Court also should dismiss the common law tort claims—*i.e.*, conversion, negligence, negligence *per se*, and breach of fiduciary duty—for failing to satisfy the FTCA's requirement that the alleged injury (*i.e.*, the loss of deposit material) must be analogous to a local tort under which a private party would be liable.  *Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1157, 1159 (D.C. Cir. 1985).  This Court has previously dismissed local tort causes of action on this basis in a similar FTCA action asserting claims for an alleged lost deposit copy.  *See e.g., Speights v. Pallante*, 968 F. Supp. 2d 202 (D.D.C. 2013).

The Government's ownership of the deposit copy is fatal to the common law tort claims. The conversion claim (Count II) fails because the Office has not dispossessed Plaintiff's property rights and because Plaintiff has conceded lack of intent.  The negligence *per se* (Counts I and III), negligence (Count III), and breach of fiduciary duty (Count III), claims fail because Plaintiff does not identify a duty under local law owed by a private person transferee once ownership vests in the transferred property.[6]  None of the local statutory provisions cited by Plaintiff establish such a

---

[5]    Plaintiff should be collaterally estopped from arguing that the Registration covered any authorship beyond lyrics. Alternatively, in resolving a motion to dismiss, this court may determine for itself that the Registration only covers lyrics.  *See Kaempe*, 367 F.3d at 963.

[6]    In any event, 17 U.S.C. § 704(d) proscribes "knowing[] or intentional[]" conduct, which Plaintiff has not alleged, *see* Compl. ¶ 57, and any statutory or regulatory duties create a framework for the disposition of government-owned property akin to an internal records management policy, not a duty to Plaintiff.

4

duty.    *See* Compl. ¶ 24 (citing D.C. Code §§ 5-119.02, 21-312, 28-4801.03, 41-158.04). "Wrongful destruction of property" (Count II) is not a cognizable local cause of action, and even if that were a basis for a tort claim, the government owns the property.    The breach of fiduciary duty claim also fails because Plaintiff does not allege a fiduciary relationship with the Office.

The Court should dismiss Plaintiff's Fifth Amendment claim (Count II) and "deprivation of statutory rights under section 106 claim" (Count II) because the FTCA does not waive immunity for constitutional torts or other alleged harms arising out of federal law.    *Randhawa v. Dep't of Homeland Sec.*, Civ. A. No. 22-3291 (DLF), 2024 U.S. Dist. LEXIS 24710, at *6 (D.D.C. Feb. 13, 2024).

The Court should dismiss Count IV because equitable relief is not available under the FTCA, 28 U.S.C. § 1346(b)(1) (permitting claims "for money damages" only), or in the alternative, because it is not a freestanding claim and all the other claims fail.

Finally, the court should also dismiss the Complaint because the claims are time-barred. Even if Plaintiff had a viable claim, it would have accrued on April 25, 2017, when the Office informed him that it could not locate the deposit.    Plaintiff failed to present his claim in writing to the Office within two years of accrual, and failed to file his complaint within six years of accrual. *See* Compl. at 3 (alleging presentment on or about May 7, 2025); Compl., Ex. C (ECF No. 1-3) (stating that Plaintiff requested the deposit on or around November 29, 2016, and that enclosed letters (which were dated April 25, 2017, and March 29, 2018, but not included with Exhibit C) informed him that the Office could not locate it); 28 U.S.C. §§ 2401(b), 2675(a).

To the extent that this court declines to fully dismiss Plaintiff's claims, Defendant intends to ask that, in the alternative, any damages in this case be limited to $1,000 for property damage. While Plaintiff's SF-95 also claimed $10,000,000 for personal injury, it did not identify any

personal injury or its cause.

Dated: Washington, DC
      June 18, 2026                   Respectfully submitted,

                                       JEANINE FERRIS PIRRO
                                       United States Attorney

By:    */s/ Fithawi Berhane*
                     FITHAWI BERHANE
                     Assistant United States Attorney
                     601 D Street, NW
                     Washington, D.C. 20530
                     (202) 252-6653
                     Fithawi.Berhane@usdoj.gov

                     *Counsel for Defendant*