UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMES M. BRANDON,

          Plaintiff,

v.

UNITED STATES OF AMERICA,

          Defendant.

Civ. A. No.26-01340 (AHA)

## <u>PLAINTIFF'S RESPONSE TO DEFENDANT'S PREMOTION STATEMENT</u>

Plaintiff, through the undersigned counsel, respectfully files this Response to Defendant's Pre-Motion Statement pursuant to the Court's Minute Order of April 26, 2026. Defendant seeks dismissal under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff opposes this dismissal and intends to file an opposition to Defendant's Motion to Dismiss. In support of the foregoing, Plaintiff states the following:

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim the court must construe the complaint in a light most favorable to the plaintiff's and must accept as true all reasonable factual inferences drawn from well-pleaded allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This standard requires that the complaint plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 662. At the pleading stage, court's function is to assess the legal sufficiency of the complaint, not to weigh the evidence, which is the purpose of adjudication. *Id*. When a motion to dismiss is based on the complaint, the facts alleged in the complaint control. *See Behrens v. Pelletier,* 516 U.S. 299, 309 (1996). Ultimately, where factual disputes remain, dismissal on these grounds is inappropriate at the pleading stage. *Ashcroft*, 556 U.S. at 678. Defendant's Premotion Statement both misreads Plaintiff's

1

Complaint and the controlling law. At the pleading stage, the Court must accept well-pleaded facts as true and draw reasonable inferences for Plaintiff. *Id.*; *Twombly*, 550 U.S. 544.

Plaintiff's Complaint demonstrates sufficient factual allegations detailing Plaintiff's injuries from the United States Copyright Office's ("Office") failure to identify, retain, and preserve the original deposit materials, including the loss of original deposit materials, the impairment of Plaintiff's ability to enforce his copyright interests through litigation, and the resulting emotional, reputational, and economic harm. Plaintiff's Complaint ("Compl.") at ¶¶ 39, 40, 41-42, 50-51, 56. Defendant's pre-motion statement asks this court to read the facts in a light most favorable to the Defendant, not the Plaintiff, and thus does not raise any issues properly addressed at this time. However, and without waving any objection to the arguments brought up in Pre-Motion Statement, Plaintiff will oppose dismissal on multiple independent grounds previewed below;

First, Plaintiff will oppose Defendant's claim that Plaintiff's claim should be dismissed for lack of standing. Defendant contends that (1) under 17 U.S.C. §704 (a) the federal government owns the deposit copy, not Plaintiff; (2) Plaintiff has not pleaded how he obtained the copyright to "GOMAB Demo Part I."; (3) even if there had there been a copyright, Kenneth Marshall only claimed authorship in song lyrics, and so the submission of the cassette tape would not have expanded the scope of the Registration; and (4) even if Plaintiff had a proper copyright for both the music and lyrics of GOMAB, then the Office's inability to retrieve the deposit did not impair Plaintiff's ability to pursue his infringement claims. Defendant Pre-Motion Statement ("Def. State.") at 3.

While 17 U.S.C. §704 (a) does state that when a copy or deposit is deposited with the Copyright Office those deposited materials become government property, what it is referring to is the physical property of the deposit, not the ownership of the copyright or the intellectual property. This is explicitly stated in 17 U.S.C §202: "transfer of ownership of any material object, including the copy or phonorecord

in which the work is first fixed, does not of itself convey any rights in the copyrighted work embodied in the object." The injuries claimed by Plaintiff are not based solely off conversion or deprivation of the physical deposit itself, but based off how the conversion, deprivation and other mishandling of the physical deposit affected Plaintiff's rights to the intellectual property and copyright of the song on the deposit. Accordingly, Plaintiff has adequately alleged a concrete injury fairly traceable to Defendant's conduct.

Plaintiff clearly asserts in the Complaint that he obtained the copyright to "GOMAB Demo Part I." or about May 22, 1995, when Plaintiff, along with Kenneth Marshall and Charles Utley, registered their original work titled "GOMAB Demo Part I" with the U.S. Copyright Office, which assigned it Registration No. PAU 1-980-216. In compliance with federal law, Plaintiff submitted the required deposit materials, which consisted of a cassette tape and a written document. Furthermore, while Kenneth Marshall did originally only claim authorship in song lyrics in U.S. Copyright Office Registration No. PAU 1-980-216, this scribner's error was later noticed and rectified when a Form CA was submitted to the Copyright office that amended the information.

Plaintiff demonstrated in the complaint that the Office's inability to retrieve the deposit impaired Plaintiff's ability to pursue his infringement claims. The Complaint alleges the permanent loss of the Government's official archival copyright deposit and the resulting loss of its unique evidentiary value. Defendant's own statement confirms Plaintiff's theory that the Copyright Office's inability to locate the deposit materials affected his ability to litigate infringement claims concerning "GOMAB Demo Part I" and "Phone Sex." The direct result of Defendant's inability to retrieve the deposit was that the official government-archived copy of Plaintiff's work as it existed in 1995 was eliminated, rendering Plaintiff unable to produce essential evidence required to authenticate the material deposits and the content of his work in multiple copyright infringement lawsuits. The loss of the deposit rendered Plaintiff unable to enforce his copyright, to pursue claims for infringement, and to recover damages and royalties.

Second, Plaintiff will oppose the dismissal of the common law tort claims for conversion, negligence, negligence per se, and breach of fiduciary duty because these claims properly satisfied the FTCA's requirement that the alleged injury must be analogous to a local tort under which a private party would be liable. Def. State. at 4. The Plaintiff's complaint specifically lists the local torts that help to satisfy the FTCA's requirement. Defendant argues that "the Government's ownership of the deposit copy is fatal to the common law tort claims", but fundamentally misunderstands the nature of the claims, the nature of the Government's ownership of the deposit copy, and the duty owed by the Government in its possession of the deposit copy. Defendant states that the conversion claim fails because the Office has not dispossessed Plaintiff's property rights. However, this is not accurate. When the Office lost the deposit copy, they dispossessed Plaintiff's property rights in the mixtape on the cassette. It is irrelevant that the Office now owned the deposit copy – as stated above; "the transfer of …. [a] phonorecord in which the work is first fixed, does not of itself convey any rights in the copyrighted work embodied in the object"" 17 U.S.C §202. Through the conversion of the physical deposit copy, Defendant dispossessed Plaintiff's property rights in the copywritten work on deposit copy.

Defendant states that the breach of fiduciary duty claim fails because Plaintiff does not allege a fiduciary relationship with the Office. This is incorrect. Under 17 U.S.C §704, the Office is subject to specific, mandatory, statutory and regulatory duties regarding the preservation, maintenance, and handling of copyright deposit materials. These duties define the Office's custodial undertaking and demonstrate the fiduciary relationship between the owner of the intellectual property and the Office.

Third, Plaintiff will oppose dismissal of Count IV at the pleading stage. Defendant argues that equitable relief is unavailable under the FTCA and that Count IV is not freestanding if all other claims fail. Plaintiff seeks, among other relief, a search for records and materials related to the original deposit, preservation of any materials found, recognition of the replacement deposit, and declaratory relief

4

concerning Defendant's duties and the legal effect of the replacement deposit. If the Court determines that the equitable request must be pleaded under a different remedial framework, Plaintiff should be permitted to amend rather than having their claim dismissed.

Fourth, Plaintiff will oppose Defendant's limitations defense. Defendant contends that Plaintiff's claims are time-barred, and even if Plaintiff had a viable claim, it would have accrued on April 25, 2017 when the Office informed Plaintiff that it could not locate the deposit. Def. State. at 5. However, Plaintiff's Complaint provides sufficient factual allegations contrary to this. Compl. at 24. The Supreme Court held in *Unites States v. Kubrick* that a claim accrues for the purpose of the two-year limitation when the Plaintiff knows both the existence and the cause of the injury. 444 U.S. 111, 122-25. As shown in the Exhibit D of the Complaint, Plaintiff only knew of the fact that his original deposit had been lost on January 23, 2025, when he receives a letter from the Director of the Office of Copyright Record which confirms the loss of Plaintiff's original deposit. *See* Plaintiff's Exhibit D. Thus, this claim was filed in the two-year limitation.

Finally, Plaintiff will oppose Defendants' claim that Plaintiff's damages be limited to $1,000. Defendant claims that Plaintiff has not identified any personal injury or cause. However, in his Complaint, Plaintiff has explicitly claimed the injuries of his inability to enforce his copyright, to recover damages for copyright infringement, and to benefit from the commercial exploitation of his work. The Complaint seeks $1,000 in property damages and $10,000,000 in personal-injury damages, for total compensatory damages of $10,001,000, along with equitable relief, fees, costs, and other appropriate relief. Defendant's damages-limitation argument raises fact-bound questions concerning the scope of the administrative claim, the injuries presented, causation, and recoverable damages; those issues should not be resolved through a pre-motion dismissal procedure.

For these reasons, Plaintiff respectfully submits that Defendant's proposed motion is unlikely to dispose of Plaintiff's complaint.

## <u>PARTIES JOINT PREMOTION CONFERENCE DATES</u>

Both Parties have agreed to the following three options for a premotion conference, which they would prefer to be on Zoom:

- Wednesday, July 15, 2026, 1:00–2:00 p.m.
- Wednesday, July 22, 2026, 2:00–3:00 p.m.
- Thursday, July 23, 2026, 2:00–3:00 p.m.

### <u>PARTIES JOINT PROPOSED BRIEFING SCHEDULE FOR MOTION TO DISMISS</u>

- Motion to Dismiss: August 17, 2026
- Opposition: September 8, 2026
- Reply: September 15, 2026

Dated: July 2, 2026

Respectfully submitted,

Dionna Maria Lewis, Esq.
District Legal Group, PLLC
Bar No. 219016
Pennsylvania Ave, SE, Suite 2098
Washington, D.C. 20003
Phone: (202) 486-3478
Dionna@DistrictLegalGroup.com
*Counsel for Plaintiff James M. Brandon*

6