**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JAMES M. BRANDON,** | : | |
| 402 Rifton Court | : | |
| Upper Marlboro, MD 20774 | : | |
| Plaintiff, | : | Civil Action No.: 1:26-cv-01340 |
| **UNITED STATES OF AMERICA,** | : | |
| Defendant. | : | |
| SERVE: | : | |
| Attorney General of the United States<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530 | : | |
| Jeanine Ferris Pirro<br>U.S. Attorney's Office for D.C.<br>601 D. Street, NW<br>Washington, D.C. 20530 | : | |
| Shira Perlmutter<br>Register of Copyrights<br>101 Independence Avenue, SE<br>Washington, D.C. 20559 | : | |

## AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER THE FEDERAL TORT CLAIMS ACT (FTCA)

This civil action for money damages and injunctive relief is brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1) and 2671–2680. The claims arise from the negligent or wrongful acts and omissions of employees of the United States Copyright Office and the Library of Congress, which are federal agencies.

These acts and omissions resulted in the loss or destruction of Plaintiff James M. Brandon's original copyright deposit materials for his song, "Phone Sex," registered as part of PAU 1-980-

216. As a direct and proximate result of the government's negligence, Plaintiff was deprived of the ability to enforce his copyright in multiple infringement actions, causing substantial financial and personal injury. Plaintiff seeks compensatory damages for his losses, as well as injunctive and declaratory relief to compel the agency to take corrective measures and to prevent future harm.

Specifically, Plaintiff alleges that Copyright Office and Library personnel breached their non-discretionary custodial duties by (a) negligently failing to safeguard, maintain, and preserve his original cassette tape and written lyric/composition deposit for PAU 1-980-216; (b) negligently failing to make a facsimile reproduction of all or any part of that material under 17 U.S.C. § 408 and to incorporate such reproduction into the Office's records of registration before destroying or otherwise disposing of the original deposit as mandated by 17 U.S.C. § 704(d); and (c) negligently failing to implement and follow adequate intake, storage, tracking, and record-maintenance procedures for his deposit, thereby losing or destroying it and preventing him from enforcing his rights. These alleged failures are pled as operational, ministerial acts implementing mandatory statutory and regulatory commands, not as protected policy judgments, and are asserted to satisfy the duty and breach elements of negligence under the FTCA while avoiding the discretionary-function exception.

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1), which confers exclusive jurisdiction on the district courts for civil actions against the United States for money damages for injury or loss of property caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his or her employment.

Venue is proper in the United States District Court for the District of Columbia under 28 U.S.C. § 1402(b), as the acts and omissions giving rise to Plaintiff's claims occurred within this judicial district, where the U.S. Copyright Office and the Library of Congress are located.

All conditions precedent to the institution of this action have been met. Plaintiff has exhausted all available administrative remedies by timely filing a written administrative claim with the appropriate federal agency on Standard Form 95 dated April 14, 2025 and providing sufficient notice of his claims to Defendants on or about May 7, 2025. Defendants, aware of Plaintiff's administrative claims, failed to make a final disposition of the claim within six months of its filing, as required by 28 U.S.C. § 2675(a). Defendants' failure to take action on Plaintiff's claim within six (6) months of the confirmed delivery date of Plaintiff's written administrative claim is considered to be Defendants' denial of Plaintiff's claims. 28 U.S.C. § 2401(b). Plaintiff has six (6) months from the date of Defendants' denial (either by direct denial or inaction) to file suit pursuant to 28 U.S.C. § 2401(b). Plaintiff timely files this Original Complaint.

## PARTIES

Plaintiff James M. Brandon is an individual residing in Prince George's County, Maryland. Plaintiff was a member of the 90's music group called GOMAB. Plaintiff held several roles within the group to include musician and group manager. GOMAB created a demo tape comprised of previously recorded songs for the group. The work titled "GOMAB Demo Part 1" was comprised of a cassette tape musical compilation of songs and an accompanying lyric sheet for each corresponding song. GOMAB Demo Part 1 was considered and selected by Director and Producer Spike Lee for his upcoming film at the time, called "Girls 6," which was released in March 1996. The Soundtrack for Girls 6 was also released at that time. One of the songs on GOMAB Demo Part I, was "Phone Sex" which was selected as the title song for Girls 6. Plaintiff is the rightful owner of the copyright for the song titled "Phone Sex," which was included on the work titled

"GOMAB Demo Part I," and is registered with the U.S. Copyright Office under registration number PAU 1-980-216. Plaintiff has standing to bring this action as the owner of the copyright for the song "Phone Sex" and as the party directly and proximately injured by the acts and omissions described herein.

Defendant is the United States of America, sued pursuant to the Federal Tort Claims Act. The acts and omissions that form the basis of this Complaint were committed by employees and agents of the U.S. Copyright Office and the Library of Congress, which are agencies of the United States with principal offices located at 101 Independence Avenue SE, Washington, D.C. 20559. In October 2020, the Librarian of Congress, Dr. Carla D. Hayden, appointed Shira Perlmutter to serve as the Register of the U.S. Copyright Office. These employees and agents were acting at all relevant times within the scope of their federal employment.

In receiving, cataloging, storing, tracking, reproducing, and preserving copyright deposits such as Plaintiff's PAU 1-980-216 materials, these agencies act in a custodial or bailee capacity with respect to the physical deposit and associated records, in a manner analogous to a private records custodian or property-storage enterprise that owes a duty of ordinary care to safeguard and account for property entrusted to it.

## ADMINISTRATIVE EXHAUSTION AND PRESENTMENT

Plaintiff has exhausted all administrative remedies as required by the Federal Tort Claims Act ("FTCA"). On or about April 14, 2025, Plaintiff timely presented his claim to the U.S. Copyright Office by filing an executed Standard Form 95 (SF-95). This administrative claim was filed within the two-year statute of limitations set by 28 U.S.C. § 2401(b).

The claim provided the agency with sufficient written notice to enable an investigation and asserted a claim for money damages in a sum certain, thereby satisfying the presentment requirements of 28 U.S.C. § 2675(a) as interpreted in this Circuit. Specifically, the claim seeks

$1,000.00 for property damages and $10,000,000.00 for personal injuries, for a total of $10,001,000.00. The claim was supplemented with comprehensive documentation detailing the basis for liability and damages.

More than six months have passed since the claim was filed, and the U.S. Copyright Office has failed to make a final disposition. Pursuant to 28 U.S.C. § 2675(a), the agency's inaction is deemed a final denial of the claim, clearing the way for this action. *See Odin v. United States*, 211 U.S. App. D.C. 209, 656 F.2d 798, 801 (D.C. Cir. 1981). A copy of Plaintiff's SF-95 dated April 14, 2025 and supplemental filings are attached as **Exhibits G and H**.

## FACTS

1. Congress established the Library of Congress in 1800 as part of the Legislative Branch. *See* 2 U.S.C. § 171(1)(citing the Library of Congress Information Bulletin (1984)). The Library of Congress "serves as the research arm of Congress and is recognized as the national library of the United States. Frequently Asked Questions, Libr. of Cong., https://perma.cc/6Z77-ZRE4.
2. Housed within the Library of Congress is the U.S. Copyright Office which was established in 1897. *See* History of U.S. Copyright Office, U.S. Copyright Off., https://perma.cc/BJ9R-2KTS. The Constitution vests Congress with the power to "secure for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." U.S. Const. Art. I § 8, Cl. 8.
3. The Register of Copyrights oversees the Copyright Office and administers the nation's copyright system. The Register is appointed by the Librarian of Congress and acts under the Librarian's general direction and supervision. *See* 17 U.S.C. § 701(a); Med. Imaging

& Tech. All. v. Libr. of Cong., 103 F.4th 830, 833, 466 U.S. App. D.C. 110 (D.C. Cir. 2024).

4. The Copyright Office also "registers copyright claims, records information about copyright ownership, provides information to the public, and assists Congress and other parts of the government on a wide range of copyright issues." *See* Overview, U.S. Copyright Off., https://perma.cc/6BQN-J5Z5.

5. In the case of unpublished (classified as PAU or "Unpublished Performing Arts") works, the Library of Congress is entitled under regulations that the Register of Copyrights shall prescribe, to select any deposit for its collections or for transfer to the National Archives of the United States or to a Federal records center, as defined by 44 U.S.C. § 2901. *See* 17 U.S.C. § 704(b).

6. Deposits not selected by the Library under subsection 17 U.S.C. § 704(b), or identifying portions or reproductions of them, shall be retained under the control of the Copyright Office, including retention in Government storage facilities, for the longest period considered practicable and desirable by the Register of Copyrights and the Librarian of Congress. After that period it is within the joint discretion of the Register and the Librarian to order their destruction or other disposition; but, in the case of unpublished works, no deposit shall be knowingly or intentionally destroyed or otherwise disposed of during its term of copyright unless a facsimile reproduction of the entire deposit has been made a part of the Copyright Office records as provided by subsection (c). *See* 17 U.S.C. § 704(d).

7. The Register of Copyrights is authorized, for specific or general categories of works, to make a facsimile reproduction of all or any part of the material deposited under section

408, and to make such reproduction a part of the Copyright Office records of the registration, before transferring such material to the Library of Congress as provided by subsection 17 U.S.C. § 704(b), or before destroying or otherwise disposing of such material as provided by subsection 17 U.S.C. § 704(d).

8. Plaintiff is the current owner of the copyright in the musical work "Phone Sex," identified by the U.S. Copyright Registration No. PAU 1-980-216.

9. On or about May 22, 1995, Plaintiff James Brandon, along with the original composers and songwriters Kenneth Marshall ("Ken Marshall") and Charles Utley of the group GOMAB, registered their original work titled "GOMAB Demo Part I" with the U.S. Copyright Office, which assigned it Registration No. PAU 1-980-216. The work was originally authored by Ken Marshall and Charles Utley. In compliance with federal law, Ken Marshall on behalf of the group GOMAB, submitted the required deposit materials, which consisted of a cassette tape and a written document lyric sheet containing the original song lyrics for each song included on the demo which also includes the lyrics for the song "Phone Sex." The Copyright Office duly processed and accepted this registration and deposit, thereby creating a statutory duty for the agency to properly maintain and preserve these materials. A copy of the registration is attached as **Exhibit A**.

10. In 1996, the major motion picture *Girl 6*, directed by Spike Lee and featuring music attributed to Prince, was released. Plaintiff discovered that his song, "Phone Sex," was unlawfully used as the title song for the film and was included on its commercially released soundtrack album, all without his authorization, credit, or compensation.

11. For nearly two decades, Plaintiff diligently sought to enforce his copyright against the infringers through litigation. He initiated copyright infringement lawsuits in multiple

federal jurisdictions, including the U.S. District Courts for the Southern District of Florida[1] and the Southern District of New York[2], as well as the New York Appeals Court[3]. Plaintiff's ownership is further reflected in the historical federal litigation concerning "Phone Sex," in which PAU 1-980-216 was specifically identified as one of the registrations at issue. In each of these legal proceedings, Plaintiff's ability to prove his ownership and the precise content of his copyrighted work was critically dependent on his ability to obtain a certified copy of his original deposit materials from the U.S. Copyright Office.

12. On or about December 14, 2013, the other GOMAB members who registered GOMAB Demo Part I under PAU 1-980-216, transferred all rights, title, and interest in the song "Phone Sex" to Plaintiff. Plaintiff duly recorded the assignment with the Copyright Office on January 8, 2014, receipt number 1-IP0LWP, volume number 9907, page number D405. Plaintiff is the current owner of the copyright and all aspects of the right to the song "Phone Sex."

13. Despite Plaintiff's repeated and formal requests for his deposit materials to be used as evidence in these infringement cases, the U.S. Copyright Office and the Library of Congress failed to produce them. The absence of the original deposit, which contained the definitive version of "Phone Sex," fatally prejudiced Plaintiff's infringement claims and was a substantial factor in preventing him from prevailing in court and recovering damages for the unauthorized use of his work.

---

[1] *James M. Brandon v. New Power Generation, et al.,* No. 15-22738-CIV-WILLIAMS (S.D. Fla 2017).

[2] *James M. Brandon v. NPG Records, Inc., et al.,* No. 1:19-CV-01923-GHW (S.D.N.Y. 2020).

[3] *James M. Brandon v. NPG Records, Inc., et al.,* No. 20-1715-CV (N.Y.2d Cir. 2020).

14. On or about April 4, 2016, in a continued effort to protect his rights and ensure the accuracy of the public record, Plaintiff, through counsel, submitted a Form CA to the Copyright Office to correct a scrivener's error on the registration form. The correction clarified that the original 1995 deposit included both a cassette tape (a sound recording) and a written document (lyrics/composition), rather than solely the written materials as had been erroneously recorded by the agency. This correction specifically stated that the deposit included song melody(ies), lyrics, arrangement, and performance of the music, and the names of GOMAB Demo Part 1's authors. A copy of the Form CA filing is attached as **Exhibit B**.

15. On or about December 19, 2024, Plaintiff made a final formal request to the Copyright Office's Records Research and Certification Division for a certified copy of the original deposit materials for PAU 1-980-216. In response, Plaintiff was informed that the Copyright Office had lost the original materials. This loss was officially confirmed in a letter dated January 23, 2025, from Denise D. Wofford, Director of the Office of Copyright Records, which stated that the agency could not locate the deposit materials and that they were considered lost or destroyed. Correspondence regarding the loss and the letter from Director Wofford are attached as **Exhibit C** and **Exhibit D**, respectively.

16. Following the official confirmation of loss, Plaintiff, through counsel, submitted a replacement deposit to the Copyright Office on or about March 3, 2025. The replacement was accompanied by an affidavit from Plaintiff, executed under penalty of perjury, attesting that the submitted materials were an exact, true, and accurate copy of the original 1995 deposit. This submission, made years after Plaintiff's enforcement efforts were

thwarted, was a remedial measure necessitated by the agency's failure. The replacement deposit and Plaintiff's affidavit are attached as **Exhibit E** and **Exhibit F**.

17. The loss and/or destruction of Plaintiff's original copyright deposit was the result of the negligent or wrongful acts and omissions of employees of the U.S. Copyright Office and the Library of Congress. These employees, acting within the scope of their employment, failed to follow established procedures for the receipt, handling, storage, and preservation of copyright deposits, thereby breaching the duty of care owed to Plaintiff.

18. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered catastrophic financial and personal harm. Had the original deposit been properly preserved and produced, Plaintiff would have been able to prove his infringement claims and recover substantial damages. These damages include, but are not limited to:

    a. Lost royalties and licensing fees from the worldwide commercial exploitation of "Phone Sex" in the motion picture *Girl 6*, its soundtrack, and related media, estimated to be between $9,000,000 and $12,000,000.

    b. Legal fees and litigation costs exceeding $1,000,000 incurred over nearly two decades of futile attempts to enforce his copyright, which were rendered unsuccessful by the absence of the crucial evidentiary materials.

    c. Loss of the value of the physical deposit materials themselves.

    d. Severe emotional distress and reputational harm resulting from the prolonged and frustrating inability to vindicate his rights as a creator and protect his intellectual property.

    e. Plaintiff's total estimated financial loss due to Defendant's negligence is between $10 million and $20 million.

19. As is plain from the language of the statute, Plaintiff may bring suit in federal court only if, after he has presented his claims to the appropriate federal agency, the agency has either:
    a. "finally denied" the claim in the statutorily prescribed manner; or
    b. Failed to make a "final disposition" of the claim at the time suit is filed and six months have elapsed from the date upon which the claim was presented to the agency.
20. On or about August 1, 2025, Plaintiff delivered a 90-day Notice to U.S. Copyright Office and Library of Congress requesting acknowledgement and a response to Plaintiff's claim for damages/injuries on Standard Form 95 pursuant to FTCA. *See* **Exhibit H** attached.
21. Despite repeated requests and the statutorily required presentment of a comprehensive claim, the Copyright Office has failed to provide adequate acknowledgment or a substantive response within the statutory six (6) month period. Plaintiff has therefore exhausted all available administrative remedies and now seeks relief from this Honorable Court for the injuries and losses suffered as a direct and proximate result of the acts and omissions of the U.S. Copyright Office and the Library of Congress.

**COUNT I: NEGLIGENCE PER SE (FTCA 28 U.S.C. § 2675)**

22. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
23. The Federal Tort Claim Act (FTCA) is a limited waiver of sovereign immunity, making the federal government liable to the same extent as a private party for certain tors of federal employees acting within the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 813, 96 S.Ct. 1971, 48 L. Ed. 2d 390 (1976). The potential liability of the United States is governed by the law of the jurisdiction in which the alleged negligent or wrongful act occurred. 28 U.S.C. § 2674.

24. To state a claim for negligence under the FTCA, a plaintiff must show (i) a duty of care; (ii) a breach of that duty; and (iii) an injury proximately caused byt that breach. *Hinton v. United States*, Civil Action No. 02-2319 (RBW), 2004 U.S. Dist. LEXIS 31670 (D.D.C. Jan. 8, 2004); *see also Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1157, 244 U.S. App. D.C. 1 (D.C. Cir. 1985); *Tripp v. United States,* 257 F.Supp.2d 37, 44 (D.D.C. 2003).

25. The violation of law or regulation when "the regulation was designed to prevent the type of accident that occurred" constitutes negligence per se. *Lyons v. Barrazotto*, 667 A.2d 314, 323 (D.C. 1995).

26. The United States, through its agencies, the U.S. Copyright Office and the Library of Congress, and its employees acting within the scope of their employment, owed Plaintiff a duty of care to properly receive, maintain, safeguard, and preserve the original copyright deposit materials submitted in connection with Copyright Registration No. PAU 1-980-216[4]. *See* 17 U.S.C. § 408. This duty arises, inter alia, from 17 U.S.C. § 704(b) and (d), which require that deposits not selected by the Library for its collections be retained under the control of the Copyright Office and, in the case of unpublished works such as Plaintiff's PAU deposit, that "no deposit shall be knowingly or intentionally destroyed or otherwise disposed of during its term of copyright" unless and until "a facsimile reproduction of the entire deposit has been made a part of the records of the Copyright Office.". *See generally*, 17 U.S.C. § 704. This duty is also analogous to the duty of care owed by a private person under the law of the District of Columbia to safeguard property entrusted to their custody.

[4] A PAU (Unpublished Performing Arts) deposit is one copy of the unpublished work to be registered for copyright, which may include scripts, musical compositions, or sound recordings that have not been distributed to the public. *See generally*, 17 U.S.C. § 408(b). Registering as PAU creates a public record of the copyright claim and allows the creator (author/rights-holder) to seek statutory damages and attorney's fees in court. *See generally*, 17 U.S.C. § 704.

*See generally*, D.C. Code § 21-312 (Custodial Property); D.C. Code § 28-4801.03 (Fiduciary Duties); D.C. Code § 5-119.02 (Property Clerks); and D.C. Code § 41-158.04 (Unclaimed Property).

27. Defendant breached this duty by (a) negligently failing to safeguard, maintain, and preserve Plaintiff's original deposit materials; (b) negligently failing to make a facsimile reproduction of all or any part of the material deposited under 17 U.S.C. § 408; (c) negligently failing to make such reproduction a part of the Copyright Office records of registration before destroying or otherwise disposing of such material as provided by 17 U.S.C. § 704(d). Specifically, the Copyright Office and Library of Congress lost or destroyed the original cassette tape and written materials comprising the work "Phone Sex," despite repeated requests for access, certification, duplication, and correction; and despite Plaintiff's compliance with all registration and administrative requirements. These negligent acts and omissions of the Copyright Office and Library of Congress and its employees were the direct and proximate cause of Plaintiff's inability to enforce his exclusive rights under 17 U.S.C. § 106, and impaired Plaintiff's opportunity to recover statutory damages for copyright infringement, to seek attorney's fees in court, and to obtain royalties and other income derived from the use of his work.

28. Defendant breached this duty through the negligent and wrongful acts and omissions of its employees. Specifically, the Copyright Office and Library of Congress failed to exercise reasonable care by: (a) failing to implement or adhere to adequate policies and procedures for the secure storage, tracking, and preservation of irreplaceable copyright deposits; (b) failing to maintain accurate and accessible records concerning the physical location and status of Plaintiff's deposit materials; (c) failing to make a facsimile reproduction of all or

any part of the material deposited under 17 U.S.C. § 408 before destroying or otherwise disposing of such material, and (d) ultimately losing, destroying, or otherwise failing to account for any facsimile reproductions, the original cassette tape, and written materials (lyrics) comprising Plaintiff's registered copyright deposit. These actions and inactions do not fall within the discretionary function exception to the FTCA because they constitute failures to perform mandatory operational tasks, not policy judgments.

29. Defendant's negligent breach of duty was the direct and proximate cause of Plaintiff's injuries and damages. The unavailability of the original deposit, which was exclusively within Defendant's possession and control and governed by statutory requirements, eliminated the official government-archived copy of the work as it existed in 1995. which impaired the evidentiary foundation and rendered Plaintiff unable to produce essential evidence required authenticate the content of his work in multiple copyright infringement lawsuits. This evidentiary failure was a substantial and dispositive factor in preventing Plaintiff from enforcing his exclusive rights under 17 U.S.C. § 106 and recovering damages for the widespread, unauthorized use of his song.

30. As a direct and proximate result of Defendant's negligence per se, Plaintiff has suffered significant and ongoing damages, including but not limited to the loss of property, deprivation of his ability to enforce his intellectual property rights, millions of dollars in lost royalties and licensing income, impairment of his opportunity to recover substantial attorneys' fees and litigation costs incurred in futile enforcement efforts, and severe emotional distress and harm to his professional reputation.

31. The damages claim asserted in Plaintiff's case also reflects the broader economic and legal consequences caused by, 'but-for', the government's failure to preserve the evidentiary

record of a copyrighted musical work entrusted to its custody. Therefore, the damages amounts asserted in this original complaint reflect Plaintiff's lost evidentiary opportunities, the impairment of his enforcement rights, the complication of any infringement analysis and comparison or works, and the diminished certainty and commercial value associates with the copyright.

32. In their custodial context, the Copyright Office and Library of Congress perform day-to-day, operational tasks—such as implementing intake procedures, maintaining location and tracking records, and creating and preserving facsimile reproductions of deposits before any destruction or disposition—that are ministerial implementations of pre-existing statutory and regulatory commands rather than discretionary, policy-making functions, and are therefore analogous to the ministerial functions courts in this Circuit have distinguished from protected discretionary acts when analyzing sovereign immunity and the FTCA's discretionary-function exception. As courts and commentators have recognized, the failure to follow mandatory custodial and record-keeping requirements of this kind constitutes ministerial negligence in the implementation of a predetermined statutory scheme, not a protected exercise of policy judgment under the FTCA's discretionary-function exception. See, e.g., *Cope v. Scott*, 45 F.3d 445, 448–49 (D.C. Cir. 1995); *Loughlin v. United States*, 393 F.3d 155, 163–64 (D.C. Cir. 2004); *Fahey v. United States*, 153 F. Supp. 878, 880–81 (S.D.N.Y. 1957)

33. Pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675, the United States is liable to Plaintiff for the full measure of damages resulting from the negligent acts and omissions of its employees to the same extent as a private person would be liable under like circumstances.

34. FTCA waives sovereign immunity "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. Court's look to the law of the local jurisdiction – District of Columbia – to determine whether there is a local private party analogous to Plaintiff's claims. *See Orleans*, 425 U.S. 807, 813, 96 S.Ct. 1971, 48 L. Ed. 2d 390 (1976); *see also* 28 U.S.C. § 2674. Here, Defendants failures constitute negligence per se in the exercised of a federal legal duty of care by the U.S. Copyright Office and the Library of Congress and also gives rise to Defendants' liability under District of Columbia law.

35. Since the conduct at issue involves the ministerial implementation of mandatory statutory and regulatory custodial duties—imposed by "shall" language in 17 U.S.C. § 704(b), (d) and by the Library of Congress and Copyright Office's own retention, tracking, and facsimile-reproduction procedures—and not the exercise of protected policy discretion, it is not shielded by the discretionary-function exception in 28 U.S.C. § 2680(a) under the two-step analysis articulated in *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988), and *United States v. Gaubert*, 499 U.S. 315, 322–25 (1991), which hold that where a statute or regulation specifically prescribes a course of action using mandatory terms, an employee "has no rightful option but to adhere to the directive," and only decisions "grounded in social, economic, and political policy" fall within the exception, an approach that the D.C. Circuit has applied in FTCA cases such as *Cope v. Scott*, 45 F.3d 445, 448–49 (D.C. Cir. 1995), *Loughlin v. United States*, 393 F.3d 155, 163–64 (D.C. Cir. 2004), *Shuler v. United States*, 531 F.3d 930, 935–37 (D.C. Cir. 2008), and *Sloan v. U.S. Dep't of Hous. & Urban Dev.*, 236 F.3d 756, 760–62 (D.C. Cir. 2001).

36. The FTCA allows recovery "for injury or loss of property, or personal injury or death…" 28 U.S.C. § 1364(b)(1). Unlike Tort Claims Acts of many states, the FTCA does not contain a damages cap. The amount recoverable is unlimited, other than limitations a private party would be limited under the relevant state law. 28 U.S.C. § 2677-80.

**COUNT II: CONVERSION / WRONGFUL DESTRUCTION / DEPRIVATION**

37. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

38. At all relevant times, Plaintiff was the rightful owner of the physical property comprising the original copyright deposit for Registration No. PAU 1-980-216, namely the cassette tape and written materials. This property was entrusted to the exclusive possession and control of the U.S. Copyright Office, an agency of the Defendant. 17 U.S.C. § 704-705.

39. Defendant, through its employees and agents acting within the scope of their employment, wrongfully impaired and interfered with Plaintiff's property rights by losing or destroying the deposit materials. This act constitutes a substantial and unauthorized deprivation of Plaintiff's possessory rights and dominion over his property, amounting to conversion and wrongful destruction of property under the common law of the District of Columbia.

40. These acts arose from day-to-day, operational custody and record-keeping for a specific deposited item pursuant to a predetermined statutory and procedural scheme, not from any high-level policy judgment about copyright or library acquisitions. Defendant's employees had no lawful discretion to discard, misplace, or otherwise dispose of these materials except in the limited manner authorized by 17 U.S.C. § 704, which, by its mandatory "shall" commands, strictly circumscribes when and how such unpublished deposits may be reproduced, transferred, or destroyed by requiring that they not be knowingly or intentionally destroyed or otherwise disposed of during the copyright term unless and until

a complete facsimile reproduction of the entire deposit has first been made part of the Copyright Office records.

41. These actions were not discretionary policy judgments about copyright, library collection priorities, or other matters of social, economic, or political policy, but ministerial, operational failures in the physical custody, tracking, reproduction, and preservation of specific deposited property pursuant to mandatory statutory and procedural requirements. Because 17 U.S.C. § 704(b) and (d), together with the Library of Congress and U.S. Copyright Office's implementing policies, specifically prescribe how PAU deposits must be retained under agency control, reproduced before any destruction or disposition, and accounted for in the Office's records, Defendant's employees had no rightful option to exercise policy discretion to lose, destroy, or otherwise dispose of Plaintiff's deposit outside those constraints.

42. As a direct and proximate result of Defendant's conversion and wrongful destruction of Plaintiff's property, the official government-archived copy of Plaintiff's work as it existed in 1995 was eliminated, impaired the evidentiary foundation and rendered Plaintiff unable to produce essential evidence required to authenticate the material deposits and the content of his work in multiple copyright infringement lawsuits. Plaintiff was further deprived of his due process rights when he was unable to enforce his copyright and has suffered the substantial financial and personal damages detailed herein.

43. Plaintiff, as the owner of Copyright Registration PAU 1-980-216, possessed a property interest in the original deposit materials and in the exclusive rights conferred by the Copyright Act, including the rights to reproduce, prepare derivative works, distribute, publicly perform, and publicly display the work. The negligent and/or intentional acts of

the U.S. Copyright Office and the Library of Congress and its employees deprived Plaintiff of these property rights by rendering him unable to enforce his copyright, to pursue claims for infringement, and to recover damages and royalties.

44. The destruction or loss of the original deposit also constitutes a deprivation of Plaintiff's statutory rights under 17 U.S.C. § 106 and related provisions, as well as a violation of Plaintiff's right to due process under the Fifth Amendment to the United States Constitution, to the extent that the government's actions resulted in the arbitrary deprivation of a protected property interest without adequate notice or opportunity to be heard.

**COUNT III: BREACH OF DUTY (17 U.S.C. § 704 and LOC Regulations)**

45. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

46. In the District of Columbia, there is liability for negligence only where there is a duty, a breach of that duty, and injury proximately caused by that breach. *Williams v. Baker*, 572 A.2d 1062 (D.C. 1990). A breach of duty may be said to occur from the violation of a common-law duty, such as the duty to exercise ordinary or reasonable care, or from violation of a statutory duty (or negligence per se). *Schneider v. District of Columbia Transit System.*, 188 F. Supp. 786 (D.D.C. 1960).

47. The U.S. Copyright Office and the Library of Congress are subject to specific, mandatory statutory and regulatory duties regarding the preservation, maintenance, and handling of copyright deposit materials. These duties are established, inter alia, by 17 U.S.C. § 704, which governs the retention of deposited articles, and the agency's own internal regulations and procedures.

48. These statutory and regulatory provisions prescribe a specific, non-discretionary course of action for agency employees to follow in safeguarding copyright deposits. The duty to

securely retain and account for irreplaceable legal artifacts such as Plaintiff's deposit is a ministerial, operational function, not a matter of policy judgment. Accordingly, the discretionary function exception of the FTCA does not shield Defendant from liability for the failure to perform these mandatory duties.

49. The duties at issue in this case are ministerial, custodial obligations imposed by statute and regulation, not high-level policy choices. Under 17 U.S.C. § 704(b) and (d), deposits that are not selected for the Library's collections must be retained under the control of the Copyright Office, and, in the case of unpublished works such as Plaintiff's PAU deposit, "no deposit shall be knowingly or intentionally destroyed or otherwise disposed of during its term of copyright unless a facsimile reproduction of the entire deposit has been made a part of the Copyright Office records."

50. Related provisions in 17 U.S.C. §§ 704–708 require that the Register of Copyrights shall ensure that records of deposits, registrations, recordations, and other actions taken under those sections are maintained, and that indexes of such records are prepared, thereby imposing mandatory record-maintenance obligations rather than leaving such matters to unfettered discretion. These "shall" provisions are precisely the type of specific statutory directives that, under the Supreme Court's two-step test in *Berkovitz v. United States*, 486 U.S. 531, 536–37 (1988), and *United States v. Gaubert*, 499 U.S. 315, 322–25 (1991), remove employee judgment or choice because "the employee has no rightful option but to adhere to the directive," and therefore fall outside the FTCA's discretionary-function exception.

51. The Library of Congress and U.S. Copyright Office's implementing procedures for receiving, logging, storing, tracking, reproducing, and retaining deposit materials further

operationalize these statutory "shall" commands through checklists, location controls, and reproduction protocols that staff are required to follow when handling individual deposits, in a manner akin to ministerial health-department or records-management checklists.

52. Plaintiff therefore challenges the government's failure to perform these specifically prescribed, ministerial custody, tracking, reproduction, and record-maintenance functions with due care as to his particular deposit—functions analogous to a private bailee's or records custodian's day-to-day handling of entrusted property—not any high-level discretionary decision about copyright policy, library acquisitions, or regulatory priorities that would be shielded by 28 U.S.C. § 2680(a).

53. Defendant, through its employees, breached these mandatory duties by failing to properly retain, preserve, and account for Plaintiff's original deposit materials for Registration No. PAU 1-980-216. This breach constitutes negligence *per se* under the laws of the District of Columbia, as the statutes and regulations are designed to protect a specific class of individuals (copyright owners like Plaintiff) from a specific type of harm (the inability to enforce rights due to loss of evidence).

54. By negligently and intentionally losing or destroying Plaintiff's original deposit, the U.S. Copyright Office and the Library of Congress breached their fiduciary duty to Plaintiff. This breach resulted in Plaintiff's inability to enforce his copyright, to recover damages for copyright infringement, and to benefit from the commercial exploitation of his work. The U.S. Copyright Office and the Library of Congress failure to notify Plaintiff in a timely manner and to take reasonable steps to remedy the loss further constitutes a breach of their fiduciary obligations.

55. In comparison, on or about Friday September 15, 2023, a payment and expedited request for a substantially similar copyright registration, PAU 1-788-452 for PA Form dated September 7, 1993, was made by the rights-holder by contacting the Records Research and Certification Division of the Office of Copyright. Unlike Plaintiff's request, the Defendants were successful in locating the original deposits to PAU 1-788-452 and mailed the rights-holder a copy of the original deposit materials on a thumb-drive.

56. Again, on or about March 6, 2026, an electronic mail request for a copy of the certificate of registrations was made by the PAU 1-788-452 rights-holder, and on March 6, 2026 the Defendants provided the rights-holder a certified copy of the PAU registration, dated September 7, 1993.

57. Here, the factual record shows by comparison that Defendants upheld its statutory duties owed to the public in the case of PAU 1-788-452 rights-holder; but violated its statutory polices and failed to uphold such duty in Plaintiff's case, thereby breaching its statutory duty owed to the public.

58. The violation of these statutory and regulatory duties was a direct and proximate cause of the loss of Plaintiff's deposit materials, which in turn directly and proximately caused Plaintiff's inability to succeed in his infringement litigation and resulted in the significant damages described in this Complaint.

59. To the extent the evidence establishes that the loss or destruction of Plaintiff's original deposit was the result of intentional or reckless conduct by employees of the Copyright Office or the Library of Congress, Plaintiff asserts claims for intentional torts, including conversion and intentional interference with property rights, to the extent such claims are

not barred by the FTCA's exceptions. Plaintiff reserves the right to amend this Complaint to assert additional claims as discovery may reveal.

**COUNT IV – INJUNCTIVE AND DECLARATORY RELIEF (Equitable Count)**

60. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

61. Plaintiff has no adequate remedy at law to address the ongoing harm caused by Defendant's failure to account for his original deposit and to implement procedures to prevent such losses in the future. The damages sought compensate for past harm but cannot restore Plaintiff's ability to vindicate his rights or prevent future similar breaches.

62. Plaintiff is therefore entitled to preliminary and permanent injunctive relief. Plaintiff requests that this Honorable Court order Defendant, its agencies, and their employees to:

    a. Conduct a comprehensive, good-faith search for any and all records, metadata, and physical fragments related to the original deposit for Registration No. PAU 1-980-216 and preserve any such materials found.

    b. Institute and enforce specific, verifiable policies and procedures for the preservation, tracking, auditing, and destruction of all copyright deposits to prevent future losses, consistent with federal records laws.

    c. Issue an official certification or other administrative instrument acknowledging the confirmed loss of the original deposit and formally recognizing the submitted replacement deposit as the authentic and accurate representation of the work for all legal and evidentiary purposes.

63. Plaintiff also seeks a declaratory judgment from this Honorable Court declaring that Defendant breached its statutory and common law duties to Plaintiff and that the replacement deposit shall be afforded the same legal effect as the original.

**DAMAGES AND PRAYER FOR RELIEF**

As a direct and proximate result of the negligent, wrongful, and/or reckless acts and omissions of Defendant's employees, Plaintiff has suffered substantial and ongoing damages. Plaintiff seeks relief as set forth in his administrative claim, including:

- **Property Damages:** An award of **$1,000.00** for the loss and destruction of the physical property comprising the original deposit materials.
- **Personal Injuries:** An award of **$10,000,000.00** for personal injuries, including the deprivation of Plaintiff's ability to enforce his intellectual property rights under 17 U.S.C. § 106, the loss of royalties and licensing fees, attorneys' fees and costs incurred in futile litigation, and the severe emotional distress and reputational harm resulting from the inability to protect his creative work.
- **Total Compensatory Damages:** A sum certain of **$10,001,000.00** in total compensatory damages.
- **Injunctive and Declaratory Relief:** An order granting the injunctive and declaratory relief specified above.
- **Attorneys' Fees and Costs:** An award of all reasonable attorneys' fees, costs, and expenses incurred in connection with this action, to the extent permitted by law.
- **Other Relief:** Such other and further relief as the Court deems just and proper.

## JURY DEMAND AND TRIAL PREFERENCES

Plaintiff does not demand a jury trial for any claims asserted herein, as the Federal Tort Claims Act provides for trial by the court without a jury.

Dated: September 24, 2026

Respectfully submitted,

Dionna Maria Lewis, Esq.
District Legal Group, PLLC
Bar No. 219016
700 Pennsylvania Ave, SE, Suite 2098
Washington, D.C. 20003
Phone: (202) 486-3478
Dionna@DistrictLegalGroup.com
*Counsel for Plaintiff James M. Brandon*

## Exhibits and Attachment List

The following exhibits are incorporated by reference and attached to this Complaint:

**Exhibit A:** Copy of U.S. Copyright Office Registration No. PAU 1-980-216.

**Exhibit B:** Copy of Form CA filed on April 4, 2016, to correct the registration record.

**Exhibit C:** Correspondence with the Copyright Office dated December 19, 2024, regarding Plaintiff's request for his deposit materials.

**Exhibit D:** Letter from Denise D. Wofford, Director, Office of Copyright Records, dated January 23, 2025, confirming the loss of the original deposit.

**Exhibit E:** Copy of the replacement deposit submitted to the Copyright Office on March 3, 2025.

**Exhibit F:** Affidavit of James Brandon attesting to the authenticity and accuracy of the replacement deposit.

**Exhibit G:** Copy of the timely filed Standard Form 95 administrative claim.

**Exhibit H:** Copy of 90-Day Notice and Request for Response to Standard Form 95.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of September, 2026, a copy of the foregoing Complaint was served via the court's electronic filing system.

Jeanine Ferris Pirro
United States Attorney's Office for the District of Columbia
Civil Process Clerk for U.S. Attorney's Office for D.C.
601 D. Street, NW
Washington, D.C. 20530

Todd Blanche
Acting Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Shira Perlmutter
Register of Copyrights
101 Independence Avenue, SE
Washington, D.C. 20559

/s/ *Dionna Maria Lewis, Esq.*
**Dionna Maria Lewis, Esq.**