UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES M. BRANDON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civ. A. No. 26-1340 (AHA) |

**MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF**

## TABLE OF CONTENTS


BACKGROUND ..... 1

STANDARDS OF REVIEW ..... 6

I. Rule 12(b)(1) ..... 6

II. Rule 12(b)(6) ..... 7

ARGUMENT ..... 8

I. Plaintiff's Amended Complaint Should Be Dismissed for Lack of Standing. ..... 8

II. Plaintiff's Amended Complaint Should Be Dismissed Because the Claims Are Time-Barred. ..... 11

III. Plaintiff's Common-Law Tort Claims Should Be Dismissed. ..... 11

IV. Plaintiff's Miscellaneous Claims Should Be Dismissed. ..... 12

V. Plaintiff's Damages Should Be Limited to His Property Damage Claim. ..... 13

CONCLUSION ..... 15

# TABLE OF AUTHORITIES


Page(s)

Cases

*Am. Nat'l Ins. Co. v. FDIC*,
642 F.3d 1137 (D.C. Cir. 2011) ....................3
*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................4
*Atherton v. D.C. Off. of Mayor*,
567 F. 3d 672 (D.C. Cir. 2009) ....................4
*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................3, 4
*All. for Democracy v. FEC*,
362 F. Supp. 2d 138 (D.D.C. 2005) ....................3
*Food & Water Watch, Inc. v. Vilsack*,
808 F.3d 905 (D.C. Cir. 2015) ....................3
*Gustave-Schmidt v. Chao*,
226 F. Supp. 2d 191 (D.D.C. 2002) ....................4
*Herbert v. Nat'l Acad. of Scis.*,
974 F.2d 192 (D.C. Cir. 1992) ....................3
*Hinton v. Corr. Corp. of Am.*,
624 F. Supp. 2d 45 (D.D.C. 2009) ....................4
*Kowal v. MCI Commc'ns Corp.*,
16 F.3d 1271 (D.C. Cir. 1994) ....................4
*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ....................3
*Thomas v. Principi*,
394 F.3d 970 (D.C. Cir. 2005) ....................3
*Vanover v. Hantman*,
77 F. Supp. 2d 91 (D.D.C. 1999) ....................5

Statutes

5 U.S.C. § 7116 ....................7
28 U.S.C. § 1346(b) ....................5, 6
28 U.S.C. § 1491 ....................8
28 U.S.C. § 2675(a) ....................6
28 U.S.C. § 2679(a) ....................5
28 U.S.C. § 2680(h) ....................4
28 U.S.C. §§ 1331 ....................v

Rules

Fed. R. Civ. P. 8(a) .......... 2
Fed. R. Civ. P. 12(b)(6) .......... 2, 3

Defendant, the United States of America, by and through undersigned counsel, respectfully moves to dismiss Plaintiff James M. Brandon's Amended Complaint (ECF No. 14), pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim.

**BACKGROUND**

Plaintiff brings claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–80, arising from the alleged loss of deposit material submitted to the U.S. Copyright Office (the "Office") in 1995 in connection with an application to register a copyright claim in an unpublished work titled "GOMAB Demo Part I." Am. Compl. (ECF No. 14) ¶¶ 9, 13.

Under the Copyright Act, copyright vests automatically in an original work of authorship when it is fixed in a tangible medium of expression. *See* 17 U.S.C. § 102; *Georgia v. Public.Resource.Org, Inc.*, 590 U.S. 255, 275 (2020). Copyright "registration is not a condition of copyright protection," 17 U.S.C. § 408(a), but registration affords certain benefits that copyright ownership alone does not. A copyright claimant in the United States generally may not sue for infringement unless the claimant first obtains a registration or the Office denies the claimant's registration application. 17 U.S.C. § 411(a); *see generally Fourth Estate Public Benefit Corp.* v. *Wall-Street.com, LLC*, 586 U.S. 296, 299 (2019). Registration before the infringement occurs may also be a prerequisite to certain monetary remedies; for instance, a plaintiff bringing claims for infringement of an unpublished work cannot obtain an award of statutory damages or attorney's fees for infringement that occurred before the effective date of registration. 17 U.S.C. §§ 412, 504–05. A certificate of registration can also be *prima facie* evidence of copyright validity. 17 U.S.C. § 410(c).

To register the copyright in an unpublished work, an applicant must submit to the Office an application, the relevant fee, and deposit material in the form of one complete copy or phonorecord of the work. 17 U.S.C. §§ 408–09, 708. The Office examines the deposit material to determine if the authorship that is claimed on the application form is eligible for registration. *See* U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 619 (2d ed. rev. 1988), https://www.copyright.gov/history/comp/compendium-two-1988-chap600-1900.pdf ("In general, the nature of authorship [statement in the application] defines the scope of the registration . . . .").[1] Upon submission, the deposit material becomes the property of the United States Government. 17 U.S.C. § 704(a).

On May 22, 1995, applicant Kenneth Marshall completed and signed the application for GOMAB Demo Part I. In the application, Marshall identified himself as the sole author and sole copyright claimant[2] for the work; and he stated that the "Nature of this Work" was "Song Lyrics" and that the "Nature of Authorship" (*i.e.*, "the nature of material created by this author in which

---

[1] The *Compendium of U.S. Copyright Office Practices* is an administrative manual that instructs agency staff regarding their statutory and regulatory duties and provides expert guidance to copyright applicants, practitioners, scholars, courts, and members of the public regarding Office practices and related principles of law. The Office publishes periodic revisions of the *Compendium* to provide additional guidance where necessary and to reflect changes in the law or Office practices. Because Kenneth Marshall filed his registration application in 1995, the governing principles that the Office would have applied to evaluate the application are set forth in the second edition of the *Compendium*, as revised in 1988. The current edition of the *Compendium* applies the same relevant principle that the Office examines deposit material only for the authorship claimed in the application. *See* U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 503.3 (3d ed. 2021) ("The [Office] only examines the authorship that is explicitly claimed in the application.").

[2] The copyright claimant is either (i) "the author of a work" or (ii) "[a] person or organization that has obtained ownership of all rights under the copyright initially belonging to the author." 37 C.F.R. § 202.3(a)(3).

copyright is claimed") was "WORDS." Compl., Ex. A (ECF No. 1-2)[3]. After examining the application, the Office registered the song lyrics, assigned the work registration number PAU 1-980-216 (the "Registration"), and indexed the Registration in the Office's public catalog with annotations stating that it covered a "[c]ollection of song lyrics" and that the deposit material consisted of "[s]heets." *Id.*; U.S. Copyright Office Public Records System, Detailed Record View, Registration Record PAu001980216, https://publicrecords.copyright.gov/detailed-record/voyager_9768632 (last visited October 1, 2026). While the Office has been unable to locate the more than thirty-year-old deposit, *see*, *e.g.*, Am. Compl. (ECF No. 14) ¶ 15, Plaintiff's exhibits confirm that that the "[s]heets" contained lyrics only. *Id.* ¶ 16; Compl., Exs. E & F (ECF No. 1-2).[4]

In his Amended Complaint, Plaintiff seeks to leverage the missing deposit to hold the United States responsible for two failed lawsuits in which he alleged that the Prince song "Girl 6" infringed his copyright in "Phone Sex," a song on GOMAB Demo Part I. Despite clear and consistent records that the Registration covers song lyrics that were authored and claimed by Kenneth Marshall and deposited with the Office in the form of lyric sheets, Plaintiff makes unsupported allegations that he himself participated in registering GOMAB Demo Part I, that Charles Utley was a co-author, and that the deposit material included a cassette tape.[5]

---

3 Plaintiff's Amended Complaint appears to rely on the exhibits filed with the initial Complaint. *See* Am. Compl. (ECF No. 14) at 26.

4 *See also infra* note 6 and accompanying text.

5 Although the application identifies Kenneth Marshall as the applicant, sole author, and copyright claimant, Plaintiff made the contradictory allegation in two prior litigations that Kenneth Marshall *and Charles Utley* in 1995 first registered GOMAB Demo Part I (assigned registration number PAU 1-980-216); and Plaintiff now alleges without support, contradicting both the application and his prior allegations, that in 1995 Kenneth Marshall, *Charles Utley, and Plaintiff James Brandon* registered GOMAB Demo Part I (PAU 1-980-216). *Compare* Am. Compl. (ECF No. 14) ¶ 9, *with* Third Amended Compl. (ECF No. 101) ¶ 23, *Brandon v. New Power Generation*,

Am. Compl. (ECF No. 14) ¶ 9. The Amended Complaint alleges that the loss of the lyric sheets and purported loss of a cassette tape (of which he claims to have copies)[6] was a "substantial factor" causing his litigation losses.

In the first filed case in the Southern District of Florida, Plaintiff alleged in his first three complaints that the authorship in "Phone Sex" had been registered under both the Registration and a second registration that was applied for in 1998 and assigned registration number PAU 2-245-998. Compl. (ECF No. 1) ¶ 17, *Brandon v. New Power Generation*, Civ. A. No. 15-22738 (July 22, 2015); First Amended Compl. (ECF No. 6) ¶ 17, *Brandon v. New Power Generation*, Civ. A. No. 15-22738 (Oct. 13, 2015); Second Amended Compl. (ECF No. 79) ¶ 27, *Brandon v. New Power Generation*, Civ. A. No. 15-22738 (Feb. 16, 2016). In contrast to the Registration from 1995, Kenneth Marshall's 1998 application for the PAU 2-245-998 registration claimed authorship in words *and music* for "Phone Sex." More specifically, in his application, Kenneth Marshall identified the title of the work as "PHONE SEX," the "Nature of the Work" as "Lyrics and Music," the authors and copyright claimants as Kenneth Marshall and Charles Utley, and the "Nature of Authorship" as "words and music 50%" for each of them. Second Amended Compl. (ECF No. 79), Ex. I, *Brandon v. New Power Generation*, Civ. A. No. 15-22738 (Feb. 16, 2016). The Office indexed this registration in its public catalog with annotations stating that it covered authorship in "[w]ords and music" and that the deposit material consisted of a "[s]ound cassette." U.S. Copyright

Civ. A. No. 15-22738 (May 9, 2016); Compl. (ECF No. 10) ¶ 22, *Brandon v. NPG Records, Inc.*, Civ. A. No. 19-1923 (Mar. 1, 2019); Amended Compl. (ECF No. 66) ¶ 22, *Brandon v. NPG Records, Inc.*, Civ. A. No. 19-1923 (May 16, 2019).

[6] Plaintiff claims to have retained "exact, true, and accurate" copies of the cassette tape and lyric sheets that he purports to be Kenneth Marshall's deposit material, and attempted to submit it as a replacement deposit to the Office on or about March 3, 2025. Am. Compl. (ECF No. 14) ¶ 16; Compl., Exs. E & F (ECF No. 1-2).

Office Public Records System, Detailed Record View, Registration Record PAu002245998, https://publicrecords.copyright.gov/detailed-record/voyager_10032931 (last visited October 1, 2026).

Following an order in which the court explained that the Plaintiff could not recover statutory damages and attorney's fees for claims relating to PAU 2-245-998 because the alleged infringement occurred two years before the work was registered in 1998, *see* Order (ECF No. 77) at 10 n.5 (Feb. 5, 2016) (citing 17 U.S.C. § 412), and a subsequent order dismissing Plaintiff's second amended complaint, *see* Order (ECF No. 98) (Apr. 18, 2016), Plaintiff ultimately declined to proceed with claims based on the "words and music" authorship covered by the PAU 2-245-998 registration. In his third amended complaint (the final operative complaint), Plaintiff asserted infringement claims based exclusively on the authorship covered by the Registration and made no reference to PAU 2-245-998. Third Amended Compl. (ECF No. 101) ¶ 23 (May 9, 2016). The court subsequently dismissed the infringement claims, holding that the authorship covered by the Registration was limited to song lyrics and that Prince's "Girl 6" lyrics did not infringe the "Phone Sex" lyrics. *Brandon v. New Power Generation*, Civ. A. No. 15-22738, 2017 U.S. Dist. LEXIS 109046, at *10–22 (S.D. Fl. Mar. 31, 2017).

In the later filed, and similarly unsuccessful, case in the Southern District of New York, Plaintiff from the outset relied exclusively on the authorship covered by the Registration. Compl. (ECF No. 10) ¶ 22, *Brandon v. NPG Records, Inc.*, Civ. A. No. 19-1923 (Mar. 1, 2019); Amended Compl. (ECF No. 66) ¶ 22, *Brandon v. NPG Records, Inc.*, Civ. A. No. 19-1923 (May 16, 2019). The court held that the Southern District of Florida's March 31, 2017 decision "finally determined that Plaintiff failed to state a claim that Girl 6 infringed on the copyright for Phone Sex, holding that . . . the [Registration] covered only the lyrics of the song Phone Sex." *Brandon v. NPG*

*Records, Inc.*, Civ. A. No. 19-1923, 2020 U.S. Dist. LEXIS 76705, at *15 (S.D.N.Y. Apr. 30, 2020), *aff'd*, 840 F. App'x 605 (2d Cir. 2020). Accordingly, it dismissed the case under the doctrine of collateral estoppel. *Id.*

Here, Plaintiff appears to assert that the Office is liable for: (i) negligence *per se* for violating requirements under 17 U.S.C. § 704 concerning retention of deposit copies; (ii) conversion, "wrongful destruction of property," "deprivation of Plaintiff's statutory rights under 17 U.S.C. § 106," and "violation of Plaintiffs' right to procedural due process under the Fifth Amendment"; and (iii) negligence, negligence *per se*, and breach of fiduciary duty for "failure to perform . . . custody, tracking, reproduction, and record-maintenance functions with due care," in violation of 17 U.S.C. §§ 704–08 and unidentified regulations. Plaintiff also asks for injunctive and declaratory relief. *See generally* Am. Compl.

For the reasons discussed below, all claims should be dismissed.

## STANDARDS OF REVIEW

### I. Rule 12(b)(1)

When evaluating a motion to dismiss under Rule 12(b)(1), courts "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). Courts need not accept legal conclusions or make inferences that are unsupported by the facts alleged in the complaint. *Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 913 (D.C. Cir. 2015). Each plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). To determine the existence of subject matter jurisdiction, courts may look beyond the complaint's allegations and consider affidavits and other extrinsic information, and ultimately weigh the conflicting

evidence. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also All. for Democracy v. FEC*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005) ("[I]n deciding a Rule 12(b)(1) motion, it is well established in this Circuit that a court is not limited to the allegations in the complaint, but may also consider materials outside of the pleadings[.]").

**II. Rule 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 12(b)(6) authorizes parties to challenge the sufficiency of a complaint on the ground that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When presented with a Rule 12(b)(6) motion, the district court must accept as true the well-pleaded factual allegations contained in the complaint. *Atherton v. D.C. Off. of Mayor*, 567 F. 3d 672, 681 (D.C. Cir. 2009).

Although "detailed factual allegations" are not necessary to withstand a motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Twombly*, 550 U.S. at 557). Instead, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The tenet that a court must accept allegations as true does not apply to recitals of the elements of a cause of action supported only by conclusory statements. *Iqbal*, 556 U.S. at 678-79 (citing

*Twombly*, 550 U.S. at 555); *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) ("[T]he court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint . . . [n]or must the court accept legal conclusions cast in the form of factual allegations.").

When ruling on a Rule 12(b)(6) motion, the Court may consider "facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint," *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002), and "documents upon which the plaintiff's complaint necessarily relies even if the document is not produced by the plaintiff in the complaint but by the defendant in a motion to dismiss," *Hinton v. Corr. Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009) (internal quotation omitted). "[W]here a document is referred to in the complaint or is central to the plaintiff's claims, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment." *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999).

## ARGUMENT

### I. <u>Plaintiff's Amended Complaint Should Be Dismissed for Lack of Standing.</u>

As an initial matter, Article III of the U.S. Constitution limits federal court jurisdiction "to 'actual, ongoing, controversies[,]'" a limitation that "gives rise to the doctrines of standing and mootness." *Foretich v. United States*, 351 F.3d 1198, 1210 (D.C. Cir. 2003) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)). To have standing, "a plaintiff must show that, at the time the suit is filed, (1) he has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Foretich*, 351 F.3d at 1210 (alteration marks omitted) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81

(2000)). "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Friends of the Earth*, 528 U.S. at 189 (quoting *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 68 (1997)).

Plaintiff is unable to establish standing for his claims. The gravamen of Plaintiff's Amended Complaint arises from his allegations regarding the Office's "failure to identify, retain, and preserve the original deposit materials, including the loss of original deposit materials," *see* Pl.'s Resp. (ECF No. 11) at 2, which purportedly led to "the impairment of Plaintiff's ability to enforce his copyright interests through litigation." *Id*. The problem with that argument, however, is twofold. First, the deposit materials became the property of the federal government once they were deposited with the Office. 17 U.S.C. § 704(a). Plaintiff explicitly concedes this fact. Pl.'s Resp. (ECF No. 11) at 2 (conceding that "17 U.S.C. §704(a) does state that when a copy or deposit is deposited with the Copyright Office those deposited materials become government property").

Second, the alleged failure of the Office to retain deposit material pursuant to 17 U.S.C. § 704(d)—an alleged failure of the Office to carry out a federal statutory duty in the conduct of its own affairs—does not amount to a breach of a duty owed to the Plaintiff. *See generally Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 510 (D.C. Cir. 2009) (agreeing with other circuit courts "that 'it is virtually axiomatic that the FTCA does not apply where the claimed negligence arises out of the failure of the United States to carry out a federal statutory duty in the conduct of its own affairs'") (quoting *Sea Air Shuttle Corp. v. United States*, 112 F.3d 532, 536 (1st Cir. 1997)) (alterations and other citations omitted). And in any event, the Office's federal statutory duty "in the case of unpublished works" is to refrain from "knowingly or intentionally destroy[ing] or otherwise dispos[ing] of [the deposit] during its term of copyright unless a facsimile reproduction of the entire deposit has been made," and Plaintiff has not alleged

"knowing[] or intentional[]" conduct such that the Office would have breached that duty. 17 U.S.C. § 704(d); *see* Am. Compl. (ECF No. 14) ¶ 59.

Since Plaintiff has no property interest in the deposit materials, and Plaintiff is not owed any duty with respect to the government-owned deposit materials, he has not suffered an injury in fact that is fairly traceable to the Office's actions and, therefore, his Amended Complaint should be dismissed for lack of standing.

Additionally, Plaintiff lacks standing for the independent reason that the copyright claim covered by the Registration was limited to song lyrics (a finding he cannot litigate for the third time, having already been collaterally estopped from asserting this claim once before). *See Brandon v. New Power Generation*, Civ. A. No. 15-22738, 2017 U.S. Dist. LEXIS 109046, at *10–22 (S.D. Fl. Mar. 31, 2017) (holding that the authorship covered by the Registration was limited to song lyrics and that the "Girl 6" lyrics did not infringe the "Phone Sex" lyrics); *Brandon v. NPG Records, Inc.*, Civ. A. No. 19-1923, 2020 U.S. Dist. LEXIS 76705, at *15 (S.D.N.Y. Apr. 30, 2020) (dismissing the complaint under the doctrine of collateral estoppel because the Southern District of Florida court finally determined that Plaintiff failed to state a claim that Girl 6 infringed on the copyright for Phone Sex, holding that . . . the [Registration] covered only the lyrics of the song Phone Sex."), *aff'd*, 840 F. App'x 605 (2d Cir. 2020). Consequently, even if a cassette tape had been submitted to the Office, it would not have expanded the copyright claim beyond lyrics so as to enable him to bring claims concerning a musical composition. *See* U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 619 (2d ed. rev. 1988), https://www.copyright.gov/history/comp/compendium-two-1988-chap600-1900.pdf ("In general, the nature of authorship [statement in the application] defines the scope of the registration . . . .");

U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 503.3 (3d ed. 2021) ("The [Office] only examines the authorship that is explicitly claimed in the application.").

## II. Plaintiff's Amended Complaint Should Be Dismissed Because the Claims Are Time-Barred.

The Court should also dismiss the Amended Complaint because the claims are time-barred. Civil actions against the United States must be filed within six years of accrual. 28 U.S.C. § 2401(a). Claims brought against the United States under the FTCA must also be presented to the appropriate Federal agency within two years after they accrue, to be timely. 28 U.S.C. § 2401(b). Even if Plaintiff had a viable claim, it would have accrued on April 25, 2017, when the Office initially informed him that it could not locate the deposit. *See* Compl., Ex. C (ECF No. 1-2) (stating that Plaintiff requested the deposit on or around November 29, 2016, and that enclosed letters (which were dated April 25, 2017, and March 29, 2018, but not included with Exhibit C) informed him that the Office could not locate it); *Childs v. Scott*, No. 94-60723, 1995 U.S. App. LEXIS 43451, at *2 (5th Cir. Mar. 22, 1995) (holding that plaintiff's lost property claim accrued when he was initially told his property was missing, notwithstanding that defendant allegedly said it might ultimately be found). Plaintiff failed to present his FTCA claims in writing to the Office within two years of accrual. Am. Compl. (ECF No. 14) at 3 (alleging presentment on or about May 7, 2025). And he also failed to file his complaint within six years of when his claims accrued. *See* Compl. (ECF No. 1) at 1 (dated Apr. 20, 2026).

Accordingly, Plaintiff's claims are untimely and the Amended Complaint should be dismissed as time-barred.

## III. Plaintiff's Common-Law Tort Claims Should Be Dismissed.

Further, Plaintiff's common law tort claims—negligence *per se*, negligence, conversion, "wrongful destruction of property," and breach of fiduciary duty—are not actionable under the

FTCA because they fail to satisfy the FTCA's requirement that the alleged injury (*i.e.*, the loss of deposit materials) must be analogous to a local tort under which a private party would be liable. *Art Metal-U.S.A., Inc. v. United States*, 753 F.2d 1151, 1157, 1159 (D.C. Cir. 1985). Specifically, under the FTCA, the United States has consented to be sued for monetary damages only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Such consent does not encompass the alleged conduct forming the basis of this action since the District of Columbia does not have a law analogous to the Copyright Act under which a private person can be held liable. *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 510 (D.C. Cir. 2009) (agreeing with other circuit courts "that 'it is virtually axiomatic that the FTCA does not apply where the claimed negligence arises out of the failure of the United States to carry out a federal statutory duty in the conduct of its own affairs'") (quoting *Sea Air Shuttle Corp. v. United States*, 112 F.3d 532, 536 (1st Cir. 1997)) (alterations and other citations omitted). Therefore, the Amended Complaint should be dismissed. *See*, *e.g.*, *Speights v. Pallante*, 968 F. Supp. 2d 202 (D.D.C. 2013) (dismissing an analogous complaint because the United States has not consented to being sued for monetary damages under the FTCA for any conduct relating to failing to preserve deposit materials in accordance with the Copyright Act).

## IV. Plaintiff's Miscellaneous Claims Should Be Dismissed.

To the extent that Plaintiff's Amended Complaint asserts separate claims for "deprivation of Plaintiff's statutory rights" under 17 U.S.C. § 106, *see* Am. Compl. (ECF No. 14) ¶ 44, or constitutional torts under the Fifth Amendment, *id.*, such claims should also be dismissed. Further, Plaintiff's seeming freestanding claim arising under 17 U.S.C. § 106 should be dismissed.

The Copyright Act does not create a private right of action against the government for loss of deposit materials or other undefined "deprivations" of rights. The claim arising under 17 U.S.C.

§ 106 and any constitutional tort claim should also be dismissed because "the FTCA does not waive immunity for suits alleging constitutional torts or other federal-law violations." *Randhawa v. Dep't of Homeland Sec.*, Civ. A. No. 22-3291 (DLF), 2024 U.S. Dist. LEXIS 24710, at *6 (D.D.C. Feb. 13, 2024); *see also Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."); *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009) ("Violations of federal law -- when not accompanied by any local law violation -- cannot support a suit under the FTCA."). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit[,]" *Meyer*, 510 U.S. at 475, and "[i]n order to overcome this bar, a plaintiff must prove that the United States has waived its sovereign immunity." *Achachak v. U.S. Dep't of Com.*, No. 24-cv-2005 (TSC), 2025 WL 1503803, at *2 (D.D.C. May 27, 2025) (citing *Tavoulareas v. Comnas*, 720 F.2d 192, 195 (D.C. Cir. 1983)).

Because Plaintiff cannot establish that the United States has waived its sovereign immunity, his miscellaneous claims must be dismissed.

## V. **Plaintiff's Damages Should Be Limited to His Property Damage Claim.**

Finally, if the Court declines to dismiss the Amended Complaint in its entirety, Plaintiff's personal injury claim should be dismissed based on his failure to notify the agency of this claim.

One condition of the FTCA's waiver of sovereign immunity is that plaintiffs are barred from filing suit under the FTCA until they have exhausted all available administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also* 28 U.S.C. § 2675(a) ("[A]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency."). To satisfy this requirement, a plaintiff must have presented the agency with "(1) a written statement sufficiently describing the

injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim." *GAF Corp. v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987).

Although Plaintiff's Standard Form 95 ("SF-95") states that he is seeking $1,000 for property damages and $10,000,000 for personal injury damages, it does not identify or describe any personal injuries that Plaintiff suffered because of the United States' allegedly tortious conduct. *See generally* Compl., Exs. G (ECF No. 1-2) at 23–31. Further, Plaintiff appears to concede that the SF-95 does not mention any personal injury damages he allegedly suffered, instead referring the Court to his Amended Complaint, in which he purportedly references "the injuries of his inability to enforce his copyright, to recover damages for copyright infringement, and to benefit from the commercial exploitation of his work." Pl.'s Resp. (ECF No. 11) at 5. Plaintiff cannot claim $10,000,000 for personal-injury damages that he failed to present to the agency in his SF-95. *See, e.g.*, *Tidd v. United States*, 786 F.2d 1565 (11th Cir. 1986) (affirming dismissal of FTCA case for lack of subject matter jurisdiction due to claimant's failure to provide agency with sufficient notice of personal injury in SF-95 claim form). Even if Plaintiff had a cognizable claim (which he does not), any relief would be limited—at most—to $1,000 for alleged damage to his personal property.[7]

* * *

[7] The United States notes that injunctive and declaratory relief are unavailable to plaintiffs in an FTCA action. 28 U.S.C. § 1346(b)(1) (permitting claims "for money damages" only). Accordingly, Plaintiff's claim for injunctive and declaratory relief should be dismissed.

## CONCLUSION

For the reasons stated above, the Court should dismiss all claims in Plaintiff's Amended Complaint.

Dated: October 8, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *\/s\/ Fithawi Berhane*
FITHAWI BERHANE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6653

*Attorneys for the United States of America*