**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JAMES M. BRANDON,** | : | |
| Plaintiff, | : | |
| **v.** | : | Civil Action No.: 1:26-cv-01340 |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Defendant. | : | |

---

# PLAINTIFF'S MEMORANDUM OF SUPPORT IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Civil Rule 47, Plaintiff James Brandon, through his undersigned counsel, respectfully submits this memorandum of law in support of Plaintiff's Opposition to Defendant's Motion to Dismiss.

## INTRODUCTION

Defendant's Motion seeks dismissal of Plaintiff's Complaint for failure to state a claim under Rule 12(b)(6), arguing that Plaintiff fails to state claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-80, arising from the alleged loss of deposit material submitted to the U.S. Copyright Office (the "Office") in 1995 in connection with an application to register a copyright claim in the musical work titled "GOMAB Demo Part I." Plaintiff's Amended Complaint ("Am. Compl.") ¶¶ 9, 13. Plaintiff's Amended Complaint clarifies factual discrepancies that Defendant's Motion to Dismiss argument asks the Court to construe unfavorably against Plaintiff and dismiss Plaintiff's Amended Complaint entirely for failure to state a claim. However, the Amended Complaint sets forth detailed factual allegations that, when accepted as true, more

than satisfy the pleading requirements for each claim. Plaintiff's Amended Complaint specifically clarifies the following facts.

Plaintiff is the current owner of the copyright in the musical work "Phone Sex," which is identified by the U.S. Copyright Registration No. PAu 1-980-216. Am. Compl. at 3. Plaintiff was a member of the 90's music group called GOMAB and held several roles within the group including musician and group manager. *Id.* Collectively, GOMAB created a demo tape titled "GOMAB Demo Part 1." *Id.* One of the songs on the demo was "Phone Sex," which was selected as the title song for Spike Lee's movie "Girls 6." *Id.* On or about May 22, 1995, Plaintiff and the original composers and songwriters of the group GOMAB, collectively registered GOMAB Demo Part I with the U.S. Copyright Office (PAu 1-980-216). *Id.* at ¶ 9. On behalf of the entire group, of which Plaintiff was a rightful and contributing member, Ken Marshall submitted the required deposit materials for the demo, which consisted of a cassette tape and a written document lyric sheet containing the original song lyrics for each song included on the demo. *Id.* The demo also included the lyrics for Plaintiff's song "Phone Sex," which is the subject of several copyright enforcement lawsuits. *Id.*

Upon the 1996 release of Spike Lee's movie "Girls 6," Plaintiff discovered that his song "Phone Sex," was unlawfully used as the title song for the film and was included on its commercially released soundtrack album without Plaintiff's authorization, credit, or compensation. *Id.* at ¶ 10. On or about December 14, 2013, the other GOMAB group members transferred their rights, title, and interest in the song "Phone Sex," to Plaintiff, and Plaintiff recorded this assignment with the Copyright Office on January 8, 2014. *Id.* at ¶ 12. This transfer was commenced to aid Plaintiff in the enforcement of his copyright against infringers through litigation, which requires the ability to obtain a certified copy of the original deposit materials from

the U.S. Copyright Office. Am. Compl. at ¶¶ 9, 11, 12, 13. However, despite Plaintiff's repeated efforts to enforce his copyright in "Phone Sex," through repeated requests for his deposit materials to be produced from the U.S. Copyright Office, both the Office and the Library of Congress failed to produce them. *Id*. at ¶ 13. As a result of the Office's failure to produce the deposit materials as evidence in Plaintiff's infringement cases, Plaintiff has been unable to prevail in his copyright enforcement litigation. *Id*.

In a continued effort to protect his rights and ability to enforce his copyright, Plaintiff submitted a Form CA to the Copyright Office to correct a scrivener's error on the registration form. *Id*. at ¶ 14. This correction clarified that the original 1995 deposit submitted by a member of GOMAB on behalf of the entire group, included song melody(ies), lyrics, arrangement, and performance of the music, and listed the names of GOMAB Demo Part 1's authors, which includes Plaintiff[1]. *Id*. This correction was important because pursuant to the Copyright Act of 1976, Congress mandated the creation of a formal mechanism for supplementary registration under 17 U.S.C. 408(d), which allows a copyright holder to maintain an accurate public record without erasing the original registration due to a clerical error. 17 U.S.C. 408(d). This statute provides a clear process for a copyright holder to either fix mistakes in a basic copyright registration such as spelling or dates, or amplify information by adding details that were originally accidentally omitted or update information on a previous registration. *Id*. This correction submitted by Plaintiff is significant because it allowed Plaintiff to further clarify the contents of the original submitted deposit materials by clarifying the type of materials submitted with the deposit and further

---

[1] The Form CA submitted by Plaintiff further explained the components of the submission which helped to clarify the authorship information for the musical work while separately explaining that the original deposit materials included both the written lyric sheets and the cassette recording. It was clarified that the original 1995 submission included the written lyric sheets containing the song lyrics; the musical composition, which includes the music and lyrics; and the cassette recording which contained the recorded music and performances for the songs.

established Plaintiff as the author of the song lyrics for "Phone Sex" and musical composition of the song. Am. Compl. at ¶¶ 9, 10, 12, 13. 14, 15.

Accordingly, Defendant's Motion to Dismiss improperly asks the Court to disregard well-pleaded facts and to resolve factual disputes at the pleading stage. Defendant makes conclusory statements not based in fact, and attempts to make judgements best suited for investigation through discovery and a trier of fact at trial. For the reasons set forth below, Defendant's Motion should be denied in its entirety, and this case should proceed to discovery. Alternatively, if the Court finds any curable factual discrepancies, Plaintiff requests leave to amend.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for lack of subject matter jurisdiction. Fed. R. Civ. Proc. 12(b)(1). Pursuant to 28 U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. One challenge to subject matter jurisdiction is a lack of standing. *Foretich v. United States*, 351 F.3d 1198, 1210 (D.C. Cir. 2003) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)). The party invoking federal jurisdiction bears the burden of establishing the standing elements: plaintiff must have (1) suffered an injury in fact; (2) a causal connection must exist between the injury and conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Courts may determine subject matter jurisdiction through a factors analysis, examining the complaint's factual allegations in addition to extrinsic evidence. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); See Also *All. for Democracy v. FEC*, 362 F. Supp. 2d 138, 142 (D.D.C. 2005).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Id*. at 555. In fact, at the motion to dismiss stage, a plaintiff's burden is quite minimal, and the complaint is sufficient as long as its allegations, taken as true, contain enough facts to state a cognizable claim, "even if the actual proof of those facts is improbable and recovery is very remote and unlikely," *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court must construe the complaint in a light most favorable to the plaintiff's and must accept as true all reasonable factual inferences drawn from well-pleaded allegations. *Bell Atl. Corp.* , 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); See also *Morris v. District of Columbia*, 313 A.3d 545, 550 (D.C. 2024) (quoting *Comer v. Wells Fargo Bank, N.A.*, 108 A.3d 364, 371 (D.C. 2015)). This standard requires that the complaint plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Poola v. Howard Univ*, 147 A.3d 267, 276 (D.C. 2016).

In ruling on such a motion, the court must assume the truth of all well-pleaded facts and draw all reasonable inferences in the light most favorable to the plaintiff. *Poola*, 147 A.3d at 276. While "naked assertion[s] devoid of further factual enhancement" or "legal conclusions cast in the form of factual allegations" are insufficient, the burden on a plaintiff at the pleading stage is "not onerous". *Id*. A complaint should not be dismissed simply because the court doubts the plaintiff will ultimately prevail. *Id*. The court's function is to assess the legal sufficiency of the complaint, not to weigh the evidence, which is the purpose of adjudication. *Id*. Moreover, the court is not bound to accept the legal conclusions of the non-moving party. *Id*. When a motion to dismiss is based on the complaint, the facts alleged in the complaint control. See *Behrens v. Pelletier,* 516

U.S. 299, 309 (1996). Ultimately, where factual disputes remain, dismissal on these grounds is inappropriate at the pleading stage. *Ashcroft*, 556 U.S. at 678.

## **<u>ARGUMENT</u>**

### **<u>I. Plaintiff's Amended Complaint Should Proceed Because He Has Standing.</u>**

Defendant's first argument claims that Plaintiff has no standing to bring this lawsuit. Defendant's Memorandum ("Def. Mem.") at 8. Pursuant to Article III of the U.S. Constitution, a plaintiff must have standing to pursue a claim. *Foretich*, 351 F.3d 1198, 1210 (D.C. Cir. 2003) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)). To establish standing, a plaintiff must prove that at the time of the suit is filed, (1) he has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Foretich*, 351 F.3d at 1210 (alteration marks omitted) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs*. (TOC), Inc., 528 U.S. 167, 180–81 (2000)). Defendant's argument is presented in two parts.

Defendant first argues that the original deposit material became the property of the federal government once they were deposited with the Office pursuant to 17 U.S.C § 704(a). Def. Mem at 9. While the original materials became the property of the federal government, the scope of that possession is for the Office to retain the responsibility of safekeeping the original materials. 17 U.S.C. § 704(a). Under the statute, all copies, phonorecords, and identifying material deposited in the Copyright office become the property of the United States government, but this physical ownership of the original deposit materials does not confer copyrights, and unauthorized use violating exclusive rights remains infringement. 17 U.S.C. § 704(a). On the contrary, if the Office also retained the copyright interest from the author, then all original deposit materials would then

confer rights of the copyrighted work to the Office, rendering Copyright infringement claims brought by the initial owner/author of the work null and void because the Office now becomes the copyright holder. This logic defeats the purpose of the Copyright Act of 1976, which provides that a copyright owner, with respect to any one of the exclusive rights comprised in a copyright, is the owner of that particular right, including the right to enforce copyrights against infringement. 17 U.S.C. §§ 101; 501(b)[2]. Ultimately, the Office's negligence is the reason for Plaintiff's harm and evidence of Plaintiff's standing to pursue this claim.

In *Thaler*, D.C. Circuit Court of Appeals reiterated that, "as a matter of statutory law, the Copyright Act requires all work to be authored in the first instance by a human being." *Thaler v. Perlmutter*, 130 F.4th 1039, 1044 (D.C. Cir 2025). The Court further explained that (1) a copyright vests initially in the author(s) of the work; (2) copyright protection only subsists in the original works of authorship; (3) a valid copyright ownership transfer requires "an instrument of conveyance" that is "signed by the owner". *Id.* at 1045-46. Applied here, it is not possible for the Office to own the copyrights because the Office is an entity, not a human being who is the author of the work; Plaintiff is the author of "Phone Sex." Am. Compl. ¶ 12. Arguably, even if it was possible for an entity to own a copyright interest, Plaintiff did not perform a copyright transfer to the Office, thus no valid transfer of Plaintiff's copyright ownership occurred, and Plaintiff remains the rightful owner of the copyright No. PAu 1-980-216. Am. Compl. ¶ 12. Contrary to Defendant's

[2] 17 U.S.C. 501. Infringement of copyright; Section (b) states that "the legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it. The court may require such owner to serve written notice of the action with a copy of the complaint upon any person shown, by the records of the Copyright Office or otherwise, to have or claim an interest in the copyright, and shall require that such notice be served upon any person whose interest is likely to be affected by a decision in the case. The court may require the joinder, and shall permit the intervention, of any person having or claiming an interest in the copyright.

argument, Plaintiff, as the lawful owner of the copyright, retains an intellectual property interest in the copyright PAu 1-980-216. *Id*. at ¶¶ 12, 43.

The Copyright Act of 1976 (the "Act") preempts state common law copyright protection by immediately vesting federal copyright ownership in a work's author upon creation of that work. *Thaler*, 130 F.4th 1039, 1042 (D.C. Cir 2025). While authors must generally register their copyrights to exercise their copyright enforcement rights, the right to own a copyright is not determinative on registration or publication. *Id*. Under the Act authors' works are protected for a term consisting of the life of the author plus seventy (70) years after the author's death. 17 U.S.C. § 302(a). Accordingly, when a copy or deposit is deposited with the Copyright Office, those deposited materials become government property for the purpose of record keeping and safeguarding the existence of the copyrighted work, but that deposit does not transfer the copyright ownership to the Office. *Id*. Defendant's argument aims to defeat the very purpose of Copyright protections and the purpose of this process to deposit original materials. Def. Mem. at 8. As it stands, Plaintiff remains the lawful owner of the copyright for the duration of his life plus seventy (70) years after his death. *Thaler*, 130 F.4th 1039, 1042 (D.C. Cir 2025).

Defendant's second argument claims that the Office's failure to retain deposit material pursuant to 17 U.S.C. § 704(d) does not amount to a breach of a duty owed to Plaintiff. Def. Mem. at 9. Returning to the very statute cited and misinterpreted by Defendant, 17 U.S.C § 704(d) provides the standard by which the Office should retain these deposited works[3]. 17 U.S.C. §

[3] 17 U.S.C. § 704(d) states that "Deposits not selected by the Library under subsection (b), or identifying portions or reproductions of them, shall be retained under the control of the Copyright Office, including retention in Government storage facilities, for the longest period considered practicable and desirable by the Register of Copyrights and the Librarian of Congress. After that period, it is within the joint discretion of the Register and the Librarian to order their destruction or other disposition; but, in the case of unpublished works, no deposit shall be knowingly or intentionally destroyed or otherwise disposed of during its term of copyright unless a facsimile reproduction of the entire deposit has been made a part of the Copyright Office records as provided by subsection (c)."

704(d). A failure to retain the very works this statute requires of the Office amounts to a breach of the duty of care owed to the owners of the copyrighted material under the statute. The purpose of this law is to ensure the safekeeping of deposited materials because in the event of Copyright litigation, the owner of the copyright interest can provide proof of ownership through the Office's retainment of the original deposited materials. *Id*. As the lawful owner of the copyright, Plaintiff maintained an intellectual property interest in his copyright, as conferred by the Act which imposes rights of exclusivity to the copyright owner and duties of safeguarding on the Copyright Office. 17 U.S.C. §§ 302(a); 704(a); 704(d); See also Am. Compl. ¶ 43.

Defendant attempts to recharacterize the Office's duties to retain and safekeep original deposits under 17 U.S.C. 704(d) as a failure of the Office to retain deposit materials "in the conduct of its own affairs—does not amount to a breach of duty owed to Plaintiff." Def. Mem. at 8-10. Defendant's own argument is contradictory because it acknowledges that the Office is required to follow the statute, but argues that a failure to carry out the duties under that statute does not constitute negligence if it occurs "in the conduct of its own affairs." *Id*. This is analysis is incorrect. Under the Act, Section 704(d) mandates and imposes a strict requirement on the Office to safeguard and retain unpublished works, because it creates a nondiscretionary, mandatory duty for unpublished works unless a facsimile copy is preserved. 17 U.S.C. § 704(d). Further, the Office's failure to comply with this specific provision can be challenged as a final agency action "not in accordance with law," under the Administrative Procedure Act. 5 U.S.C. § 706(2)(A).

Additionally, in the District of Columbia, there is liability for negligence only where there is a duty, a breach of that duty, and injury proximately caused by that breach. *Williams v. Baker*, 572 A.2d 1062 (D.C. 1990). A breach of duty may be said to occur from the violation of a common-law duty, such as the duty to exercise ordinary or reasonable care, or from violation of a statutory

duty (or negligence per se). *Schneider v. District of Columbia Transit System.*, 188 F. Supp. 786 (D.D.C. 1960). Analyzed under both federal and local law, Plaintiff suffered a breach of the duty of care owed to him by the Copyright Office due to their negligence.

Defendant next argues that Plaintiff has not alleged "knowing or intentional" conduct such that the Office would have breached that duty under 17 U.S.C. 704(d). Def. Mem at 10. Contrary to this, Plaintiff's Amended Complaint provide detailed factual events sufficient to prove a breach of this duty. Plaintiff's Amended Complaint specifically indicates that on or about December 19, 2024, Plaintiff made a formal request to the Copyright Office's Records Research and Certification Division for a certified copy of the original deposit materials for PAu 1-980-216. Am. Compl. ¶ 15. The Office responded to Plaintiff advising him that the Copyright Office has lost the original materials. *Id*. The Office officially documented this loss in a letter dated January 23, 2025, from Denise D. Wofford, Director of the Office of Copyright Records, which states that the Office could not locate the deposit materials and as of that date, the original deposit materials were considered lost or destroyed. *Id*.

Prior to this official communication from the Office, Plaintiff made several requests for the production of the deposit but the Office communicated on April 25, 2017 that it could not locate the original deposit materials and was still searching for it. Am. Compl. ¶ 15; Def. Mem. at 11. From the April 25, 2017 communication until January 23, 2025, Plaintiff reasonably interpreted the Office's communication that the search was still ongoing for the deposit material, not official confirmation of a loss. *Id*. Contrary to Defendant's argument, Ms. Wofford's letter is proof that as of January 23, 2025, the Office was aware of the loss of the original deposit materials which further supports the allegation that the Office engaged in knowing or intentional conduct amounting to a breach of the duty of care owed to Plaintiff as the copyright holder of PAu 1-980-216. *Id*. at ¶¶ 16-

18. Allowing this case to proceed to discovery would further uncover what information the Office obtained regarding the deposit material, and further explain what happened to cause the loss.

Furthermore, Plaintiff does not lack standing for the independent reason that the copyright claim covered by the registration was limited to song lyrics, as Defendant seems to argue. Def. Mem at 10. As previously mentioned, Plaintiff is the rightful copyright owner of PAu 1-980-216 which includes all rights, title, and interest in the song "Phone Sex," and the later filed (April 4, 2016) Form CA clarified that the registration for this copyright also includes the cassette tape (sound recording) and a written document (lyrics and composition) for the songs, including "Phone Sex." Am. Compl. ¶ 14. Since the Office only examines authorship that is explicitly claimed in the application[4], the filing of Form CA is a significant piece of evidence demonstrating a valid supplement to the original application, which in this case now encompasses the sound recording and written lyrics for "Phone Sex." *Id*. In a continued effort to assist the Office with its ongoing search and location of his original deposit materials, Plaintiff also submitted a replacement deposit to the Copyright Office on or around March 3, 2025 which was accompanied by an affidavit attesting to validity of the original 1995 deposit. *Id*. at ¶ 15. However, as a result of the Office's negligence, Plaintiff's efforts to enforce his copyrights have remained unsuccessful due to the loss of the original deposit materials. *Id*. at ¶¶ 17-18.

Accordingly, Plaintiff has standing to bring this claim because he suffered an injury in fact since the Office lost his deposit materials – an injury that is fairly traceable to the Office's misconduct. Plaintiff's injury in fact is concrete and particularized and actual or imminent because

[4] U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 619 (2d ed. rev. 1988), https://www.copyright.gov/history/comp/compendium-two-1988-chap600-1900.pdf ("In general, the nature of authorship [statement in the application] defines the scope of the registration . . . ."); U.S. COPYRIGHT OFFICE, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES § 503.3 (3d ed. 2021) ("The [Office] only examines the authorship that is explicitly claimed in the application.").

he is the documented legal owner of Copyright No. PAu 1-980-216, which includes his authored song lyrics for "Phone Sex" and musical composition of the song, and Plaintiff has been unable to enforce his copyright against acts of infringement for over two decades due to the Office's inability to produce his original deposit materials. Am. Compl. ¶¶ 5, 8, 43. The PAu registration number provides definitive, federal evidence of the date the creation was completed. Am. Compl. at 3-4; ¶¶ 5, 8. If a copyright dispute arises regarding who wrote a piece of music or the unauthorized use of that music, to include Plaintiff's prior litigation efforts, the PAu registration record acts as the official receipt tying that physical medium to a specific recordation date in the Copyright Office's records. *Id*. at ¶¶ 5, 8, 26, 41, 53, 54-55.

Plaintiff's injury is traceable to the challenged breach of the Office's duty because (1) the Copyright Office is required to store and safeguard deposited unpublished materials for the entire term of the copyright plus 70 years under 17 U.S.C. 704(a) and 704(d); and (2) the Office's January 23, 2025 letter by the Director of the Office of Copyright Records indicating that Plaintiff's original deposit materials for PAu 1-980-216 are unable to be located, which a reasonable jury can infer to mean the deposit is considered indefinitely lost or otherwise destroyed. *Id*. at ¶ 15. To prevail in infringement litigation, Plaintiff needed to demonstrate the existence of the original filing. *Id*. at ¶¶ 5, 8, 26, 41, 53, 54-55. However, since the deposit materials (lyrics and cassette tape) could not be produced, the lack of evidence and proof impacted Plaintiff's ability to successfully enforce his copyright against infringement and subsequently affected his ability to demonstrate harm.

Additionally, discovery would allow for an examination into the Copyright Office's records which will provide evidence of (1) the previous deposit materials received and documented receipt, registration and correction of records; (2) the Office's mishandling of the deposit; (3)

Plaintiff's 2025 request for the resubmission of the deposit materials; (4) and to disprove Defendant's assertion that only lyrics were registered for the copyright at issue. Am. Compl. ¶¶ 14, 17-18. This would further support the fact that Plaintiff's copyright registration is for both the written lyrics and musical composition of the song "Phone Sex." *Id*. For these reasons, Defendant's Motion to Dismiss should be denied. Alternatively, if the Court finds a curable defect, leave to amend is the appropriate remedy.

**II. Plaintiff's Claims are Not Time-Barred.**

Defendant next argues that Plaintiff's claim is time barred because Plaintiff failed to file a timely cause of action. Def. Mem. at 11. Since civil actions against the United States must be filed within six years of accrual and if those claims are brought under the FTCA, must be presented to the appropriate federal agency within two years of accrual, Defendant argues that Plaintiff's claims are time barred because any viable claim would have accrued on April 25, 2017, when the Office initially informed Plaintiff that it could not locate the deposit. Def. Mem. at 11; See also 28 U.S.C. § 2401(a); 28 U.S.C. § 2401(b). However, the Office's communications that it could not locate the deposit were not an official declaration that the deposit materials were officially confirmed lost or destroyed. Am. Compl. ¶ 13.

As earlier argued *supra*, in Section I, on April 25, 2017, the Copyright Office sent Plaintiff a letter in response to his request for a copy of his work registered under PAu 1-908-216, and indicated that the work was misplaced at their facility and that the Office would continue to search for and locate the deposit material. This communication did not advise Plaintiff that the original deposit material was lost, and a reasonable jury could infer from these facts that the letter served to notify Plaintiff that the Office would continue to locate the alleged misplaced deposit material. In fact, the Office's failure to produce the deposit materials only hindered Plaintiff's ability to

enforce his copyrights and contributed to the harm suffered as a result of the Office's confirmation that it could not produce the materials in its January 23, 2025 letter. *Id*. Since Plaintiff was under the reasonable impression that the Office was still searching for his original deposit materials, he took initiative to stay on top of the Office and continued pursuing his deposit requests. Under the FTCA, a tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues. 28 U.S.C § 2401(b). At this time, Plaintiff did not have a cognizable cause of action because he had no formal notification that his original deposit was deemed officially lost or destroyed. Accordingly, because Plaintiff did not have a cognizable action based on the Office's April 25, 2017 notification of its ongoing search for PAu 1-908-216, Plaintiff did not suffer an injury at that time under the statute since an ongoing search is not the same as official confirmation of a loss. Def. Mem. at 11; See 28 U.S.C. 2401(b); Also see *United States v. Kubrick*, 444 U.S. 111 (1979) ("a claim accrues when a plaintiff knows both the existence and the cause of his injury.").

It was only upon Plaintiff's formal request to the Office's Records Research and Certification Division for a certified copy of the deposit materials that Plaintiff was alerted via a letter from Denise D. Wofford, Director of the Office of Copyright Records, that the Office could not locate the deposit materials, that the Office would be unlikely to locate a copy in the future, and that Plaintiff could submit a replacement deposit as a result. Am. Compl. at ¶ 15. This letter, dated January 23, 2025, serves as the official notice that Plaintiff's deposit materials were lost indefinitely or otherwise inadvertently destroyed, and it is from this date that Plaintiff's claim became viable. *Id*. An important distinction between the April 25, 2017 letter and the January 23, 2025 letter is critical to the viable claim analysis. Am. Compl. ¶ 15; Def. Mem. at 11. The April 25, 2017 letter indicated that the Office was still engaged in an ongoing search for Plaintiff's

deposit materials. Am. Compl. ¶ 15; Def. Mem. at 11. Whereas the January 23, 2025 letter determined that Plaintiff's deposit materials were unable to be found, would not likely be found in the future, and offered Plaintiff the ability to submit a replacement deposit as a result. Am. Compl. at ¶ 15. With January 23, 2025 being the date Plaintiff received a final confirmation on the results of the Office's search for his original deposit material —that the Office's unsuccessful search concluded that the original deposit was unlikely to be located— this date should serve as the operative date from when Plaintiff had a viable claim. *Id.*

Under the current statutory timeframe, for civil suits against the United States, six years from January 23, 2025 is January 23, 2031, and for claims brought under the FTCA, two years from the proposed operative date is January 23, 2027. <u>See also</u> 28 U.S.C. § 2401(a); 28 U.S.C. § 2401(b); <u>Also see</u> *United States v. Kubrick*, 444 U.S. 111 (1979) ("a claim accrues when a plaintiff knows both the existence and the cause of his injury."). Since neither of these dates have passed, Plaintiff's claims are not time barred either as a civil suit against the United States or under the FTCA. *Id.* If this case proceeds to discovery, both the April 25, 2017 and January 23, 2025 letters, as well as supporting documentation, could be analyzed further in support of these claims. Therefore, this Court should deny Defendant's Motion to Dismiss, or in the alternative, grant Plaintiff leave to amend any curable deficiencies.

## <u>III. Plaintiff's Common-Law Tort Claims Should Prevail.</u>

Defendant next argues that Plaintiff's common-law tort claims are not actionable under the FTCA because they fail to satisfy the FTCA's requirement that the alleged injury must be analogous to a local tort under which a private party must be liable. Def. Mem. at 11-12. While the FTCA's threshold requires a private person to be liable under the law of the place where the act or omission occurred, that requirement calls for liability under like circumstances, not an

identical private Copyright Office. 28 U.S.C. §§ 1346(b)(1); 2674. Contrary to Defendant's argument, Plaintiff does not contend that the Copyright Act, standing alone, supplies a District of Columbia tort or converts every failure to perform an agency duty into an FTCA claim. Def. Mem at. 12.

Plaintiff instead argues that pursuant to the FTCA, the United States is liable for the full measure of damages resulting from the negligent acts and omissions of its employees to the same extent as a private person would be liable under like circumstances. Am. Compl. ¶ 33. Plaintiff further offers D.C. case law supporting a private right of action for intentional torts for which this case can be analyzed by a trier of fact and permit the reasonable inference that a private person would be liable under like circumstances. *Williams*, 572 A.2d 1062 (D.C. 1990); See also *Schneider*, 188 F. Supp. 786 (D.D.C. 1960). The conduct at issue alleged by Plaintiff involves the ministerial implementation of mandatory statutory and regulatory custodial duties imposed by 17 U.S.C. §§ 704(b) and (d) and the Library of Congress on the Copyright Office's retention, tracking, and facsimile-reproduction procedures. *Id*. at ¶ 35. Plaintiff's Amended Complaint details factual allegations, which at this stage must be taken as true, that identify conduct separate from decisions about registration or the legal scope of copyright protection. *Id*. at ¶¶ 28-30, 41-44, 49, 53-54. Plaintiff alleges that the Copyright Office's employees breached their duty of care to Plaintiff by failing to properly handle, store, track, and preserve the deposit materials of PAu 1-980-216. *Id*. Analyzed under D.C. law, this allegation is analogous to a local tort under which a private party must be liable. 28 U.S.C. §§ 1346(b)(1); 2674; Also see *Williams*, 572 A.2d 1062 (D.C. 1990); *Schneider*, 188 F. Supp. 786 (D.D.C. 1960).

Plaintiff's case is distinguished from *Speights*, where the court dismissed an FTCA claim alleging failure to deposit and store a manuscript in accordance with 17 U.S.C. § 704 because the

asserted duty had no local-law private analogue. *Speights v. Pallante*, 968 F. Supp. 2d 202 (D.D.C. 2013). Here, Plaintiff's proposed distinction is an independently actionable custodial undertaking concerning a particular item under local and federal law, rather than liability merely for violating § 704. 17 U.S.C. §§ 704(a)-(d); See also *Williams*, 572 A.2d 1062 (D.C. 1990); *Schneider*, 188 F. Supp. 786 (D.D.C. 1960); cf. *Speights*, 968 F. Supp. 2d 202 (D.D.C. 2013). Plaintiff also does not need to establish that § 704 required a facsimile whenever an item was inadvertently lost. *Id*. Section 704(c) authorizes facsimile reproduction, while § 704(d)'s express restriction concerns knowing or intentional destruction or disposition of an unpublished deposit without a complete facsimile. 17 U.S.C. § 704.

As explained in the Amended Complaint, the discretionary function exception of the FTCA does not shield Defendant from liability for the failure to perform these mandatory duties. Am. Compl. ¶¶ 48-49. Because the applicable provisions of the statute (17 U.S.C. §§ 704-708) impose mandatory requirements that the Register of Copyrights shall ensure that records of deposits, registrations, recordations, and other actions taken under those sections are maintained, and that indexes of such records are prepared, the Supreme Court has held that "the employee has no rightful option but to adhere to the directive." *United States v. Gaubert*, 499 U.S. 315, 322–25 (1991). Therefore, this requirement falls outside of the FTCA's discretionary-function exception and Plaintiff's claims are not barred by the FTCA's exceptions. Am. Compl. ¶ 50. For these reasons, this Court should deny Defendant's Motion to Dismiss on this claim, or grant Plaintiff leave to amend.

**IV. Plaintiff's Miscellaneous Claims Should Prevail.**

Defendant also argues that to the extent that Plaintiff's Amended Complaint asserts separate claims for "deprivation of Plaintiff's statutory rights" under 17 U.S.C. § 106 or

constitutional torts under the Fifth Amendment, such claims should be dismissed. Def. Mem. at 12. The deprivation of rights Plaintiff alleges in his Amended Complaint arise from the custodial misconduct by the Copyright Office and its employees, and the subsequent consequences which prevented Plaintiff from litigating his copyright in past infringement cases. Am. Compl. ¶¶ 15-18. Defendant's argument overlooks Plaintiff's allegations that federal employees received and controlled a particular deposit, failed to safeguard and account for it, and thereby caused Plaintiff injury. Def. Mem. at 12-13. The complaint invokes the FTCA, alleges a duty analogous to that of a private custodian under District of Columbia law, and describes the asserted impairment of Plaintiff's copyright-enforcement opportunities as a consequence of the deposit's loss. Am. Compl. ¶¶ 34-36, 39-41. Contrary to Defendant's argument, a connection to a federal statute does not itself defeat an FTCA claim is analogous local law supports liability. *Hornbeck Offshore Transportation, LLC v. United States*, 569 F.3d 506 (D.C. Cir. 2009).

Plaintiff's arguments rests on the fact that because the Office breached its duty of care and inevitably destroyed or lost his deposit materials, Plaintiff was deprived of his rights to reproduce the deposit materials as proof of the existence of the original filing, as required for him to prevail in infringement litigation. Am. Compl. at ¶¶ 39, 41-42, 43-44, 48-50, 53-54. While the Office owned the physical property of the copyright, Plaintiff still maintained his exclusive rights to enforce that copyright. *Id*. However, with the destruction or loss of the physical deposit, Plaintiff rights to enforce his copyright have been deprived due to the Copyright Office's negligent conversion of the deposit material. *Id*.

At this stage, the Court must accept well-pleaded facts as true when assessing the complaint's legal sufficiency, including the alleged receipt, custody, and loss of the deposit. *Ashcroft*, 556 U.S. 662 (2009). Equally, on a facial jurisdictional challenge, the Court must take

the pleaded facts as true and construe them in the light most favorable to Plaintiff. *Id*. Defendant improperly takes the position of the Court, and attempts to decide whether Plaintiff's well-pleaded facts establish an applicable immunity exception. Def. Mem. at 12-13. Therefore, the Court should dismiss Defendant's Motion to Dismiss here. Should the Court identify curable deficiencies, Plaintiff requests leave to amend.

**V. Plaintiff's Cognizable Damages.**

Defendant's final argument states that Plaintiff's damages should be limited to his property damage claim. Def. Mem. at 13. Defendant's position is that because Plaintiff has failed to exhaust all of his administrative remedies. *Id*. Plaintiff's Amended Complaint provides that he has exhausted his administrative remedies as required by the FTCA. Am. Compl. at 4. Contrary to Defendant's argument, Plaintiff's filing of the SF-95 presented his claim to the U.S. Copyright Office, and was filed within the two-year statute of limitations under 28 U.S.C. § 2401(b). Def. Mem. at 13-14. Further, Plaintiff satisfied the statutory requirement by presenting the agency with a written statement sufficiently describing the injury to enable the agency to begin its own investigation via the SF-95 form, and a sum certain of property damages and personal injuries, supported by comprehensive documentation. Am. Compl. at 4-5. Moreover, through the validation of his copyrights, Plaintiff would be able to provide more cognizable damages suffered through the loss of royalties and licensing fees calculated over the years since Plaintiff had a cause of action against infringement. *Id*. at ¶ 18.

## CONCLUSION

In viewing this Complaint in the light most favorable to the Plaintiff, more than a mere possibility of misconduct exists here. The Plaintiff has stated various factually sufficient claims, that are plausible on their face. Thus, the Defendants' Motion to Dismiss should be denied and

Plaintiff's case should proceed. Alternatively, if the Court finds a curable defect, Plaintiff requests leave to amend, and any other relief the Court deems as proper.

Dated: November 4, 2026

Respectfully Submitted,

Dionna Maria Lewis, Esq.
District Legal Group, PLLC
Pennsylvania Ave, SE, Suite 2098
Washington, D.C. 20003
Phone: (202) 486-3478
Dionna@DistrictLegalGroup.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Dionna Maria Lewis, hereby certify that the foregoing Plaintiff's Memorandum of Support in Opposition to Defendant's Motion to Dismiss was served November 4, 2026, on all parties who were required to be notified via CM/ECF.

Dated: November 4, 2026

Respectfully submitted,

Dionna Maria Lewis

Dionna Maria Lewis, Esq.
District Legal Group, PLLC
Bar No. 219016
700 Pennsylvania Ave, SE, Suite 2098
Washington, D.C. 20003
Phone: (202) 486-3478
Dionna@DistrictLegalGroup.com
*Counsel for Plaintiff James M. Brandon*