UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES M. BRANDON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civ. A. No. 26-1340 (AHA) |

**REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS**

## TABLE OF CONTENTS

ARGUMENT ........ 1

I. Plaintiff's Amended Complaint Should Be Dismissed for Lack of Standing. ....... 1

II. Plaintiff's Amended Complaint Should Be Dismissed Because the Claims Are Time-Barred. ........ 3

III. Plaintiff's Common-Law Tort Claims and Other Miscellaneous Claims Should Be Dismissed. ........ 4

IV. Plaintiff's Damages Should Be Limited to His Property Damage Claim. .............. 5

CONCLUSION ........ 7

# TABLE OF AUTHORITIES

Page(s)

Cases

*Brandon v. New Power Generation*, Civ. A.,
No. 15-22738, 2017 U.S. Dist. LEXIS 109046 (S.D. Fl. Mar. 31, 2017) .................................. 2
*CD Int'l Enters., Inc. v. Rockwell Cap. Partners, Inc.*,
251 F. Supp. 3d 39 (D.D.C. 2017) ........................................................................................ 3
*Childs v. Scott*,
No. 94-60723, 1995 U.S. App. LEXIS 43451 (5th Cir. Mar. 22, 1995) .................................. 3
*Dunlap v. Presidential Advisory Comm. on Election Integrity*,
464 F. Supp. 3d 247 (D.D.C. 2020) ........................................................................................ 3
*Federal Deposit Insurance Corp. v. Meyer*,
510 U.S. 471 (1994) ................................................................................................................ 4
*Hopkins v. Women's Div., Gen. Bd. of Global Ministries*,
238 F. Supp. 2d 174 (D.D.C. 2002) ........................................................................................ 3
*Hornbeck Offshore Transp., LLC v. United States*,
569 F.3d 506 (D.C. Cir. 2009) ............................................................................................. 4, 5
*Randhawa v. Dep't of Homeland Sec.*, Civ. A.,
No. 22-3291 (DLF), 2024 U.S. Dist. LEXIS 24710 (D.D.C. Feb. 13, 2024) ............................ 4
*Thaler v. Perlmutter*,
130 F.4th 1039 (D.C. Cir. 2025) .......................................................................................... 1, 2
*Tidd v. United States*,
786 F.2d 1565 (11th Cir. 1986) ............................................................................................... 5
*Uranga v. U.S. Citizenship & Immigr. Servs.*,
490 F. Supp. 3d 86 (D.D.C. 2020) .......................................................................................... 3
*Williams v. United States*, Civ. A.,
No. 17-783 (JEB), 2017 U.S. Dist. LEXIS 227156 (D.D.C. Nov. 1, 2027) ............................... 5

Statutes

17 U.S.C. § 106 ......................................................................................................................... 4
17 U.S.C. § 704(d) .................................................................................................................... 2

Defendant, the United States of America, by and through undersigned counsel, respectfully files this reply in further support of its motion to dismiss Plaintiff James M. Brandon's Amended Complaint (ECF No. 14), pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim.

## ARGUMENT

### I. <u>Plaintiff's Amended Complaint Should Be Dismissed for Lack of Standing.</u>

The gravamen of Plaintiff's Amended Complaint arises from his allegations regarding the Office's "failure to identify, retain, and preserve the original deposit materials, including the loss of original deposit materials," *see* Pl.'s Resp. (ECF No. 11) at 2, which purportedly led to "the impairment of Plaintiff's ability to enforce his copyright interests through litigation." *Id.* And in its motion to dismiss (ECF No. 15), the United States advanced three arguments as to why the Court should conclude that Plaintiff's Amended Complaint should be dismissed for lack of standing.

The first argument is that the deposit materials at issue in this case became the property of the federal government once they were deposited with the U.S. Copyright Office ("Office"), and therefore, Plaintiff cannot succeed on any claim premised on the fallacious theory that he suffered a cognizable legal harm due to the Office's misplacement of its own property. Def.'s Mot. (ECF No. 15) at 9. Notably, Plaintiff's opposition explicitly concedes that the deposit materials were, at all times relevant to his Amended Complaint, owned by the Office. Opp'n (ECF No. 17-1) at 6 (affirming that "the original materials became the property of the federal government"). But Plaintiff, in his spurious attempt at a rebuttal of the United States' standing argument, invokes and misconstrues an irrelevant case addressing whether the Copyright Act requires copyrightable works to be authored by a human being—*i.e.*, *Thaler v. Perlmutter*, 130 F.4th 1039 (D.C. Cir. 2025)—in order to argue that the Office did not own the copyright for the works contained in the

deposit materials. Opp'n (ECF No. 17-1) at 6-8. Yet the Office has never claimed to own an interest in the *copyright* for GOMAB Demo Part I, but only ownership of a single *copy* of the work (just as an ordinary consumer who purchases a DVD of a motion picture owns that copy of the film without owning any underlying exclusive rights in the copyrighted audiovisual work). And Plaintiff lacks standing here because the harm he alleges pertains to the disposition of a specific copy, which the government, not Plaintiff, owns.

The second argument advanced by the United States is that the alleged failure of the Office to retain deposit material—an alleged failure of the Office to carry out a federal statutory duty in the conduct of its own affairs—does not amount to a breach of a duty owed to Plaintiff. Def.'s Mot. (ECF No. 15) at 9–10 (citations omitted). In his attempt at rebuttal, Plaintiff appears to contend that the Copyright Act required the Office to retain his deposit materials. Opp'n (ECF No. 17-1) at 8–9. But even if Plaintiff is correct, he cites no authority for the proposition that the Office owed him a duty of care, *see id.*, and he conspicuously fails to contend with the authorities cited by the United States establishing that the Office did not owe him a duty of care. *Id*. In addition, Plaintiff fails to cite allegations that the Office "knowingly or intentionally destroyed or otherwise disposed" the deposit in contravention of 17 U.S.C. § 704(d). *See id*. at 10-11 (citing irrelevant allegations that the Office acquired knowledge that the deposit material was missing after Plaintiff requested it).

Finally, the third argument advanced by the United States is that the copyright claim covered by registration number PAU 1-980-216 (the "Registration") was limited to song lyrics, and even if a cassette tape containing a sound recording had been submitted to the Office as the deposit material, such deposit material would not have expanded the copyright claim beyond lyrics so as to enable Plaintiff to bring infringement claims concerning a musical composition. Def.'s

Mot. (ECF No. 15) at 10-11. But beyond the conclusory assertion that the copyright somehow extended to "the cassette tape (sound recording) and a written document (lyrics and composition)," Opp'n (ECF No. 17-1) at 11, Plaintiff does not dispute the United States' argument in any substantive manner. *See generally id.* Plaintiff does not allege that the supplemental registration he applied for with Form CA was issued (it was not). *See id.; see also Brandon v. New Power Generation*, Civ. A. No. 15-22738, 2017 U.S. Dist. LEXIS 109046, at *16 (S.D. Fl. Mar. 31, 2017) ("As a matter of law, Brandon's application [for supplementary registration] does not expand the scope of the [Registration] . . . ."). And, in addition, the opposition does not even contend with the United States' explanation that Plaintiff is collaterally estopped from litigating this question. *Compare* Def.'s Mot. (ECF No. 15) at 10 (citing prior cases in which multiple district courts have found that any copyright claim ascribed to Plaintiff only applies to song lyrics) *with* Opp'n (ECF No. 17-1) (wherein Plaintiff fails to even reference, let alone substantively address, the United States' collateral estoppel argument); *see also Uranga v. U.S. Citizenship & Immigr. Servs.*, 490 F. Supp. 3d 86, 109 (D.D.C. 2020) (holding that arguments not responded to in an opposition to a motion to dismiss may be deemed conceded); *CD Int'l Enters., Inc. v. Rockwell Cap. Partners, Inc.*, 251 F. Supp. 3d 39, 46 (D.D.C. 2017) (holding same); *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002); *Dunlap v. Presidential Advisory Comm. on Election Integrity*, 464 F. Supp. 3d 247, 266 (D.D.C. 2020).

Accordingly, the Court should dismiss Plaintiff's claim for lack of standing.

## II. <u>Plaintiff's Amended Complaint Should Be Dismissed Because the Claims Are Time-Barred.</u>

As stated in the United States' motion to dismiss, Plaintiff's claims are time-barred. The statute of limitations for his FTCA claim began to run on April 25, 2017, because that was when he (by his own admission) was informed that the deposit materials were missing. Def.'s Mot.

(ECF No. 15) at 11 (citing *Childs v. Scott*, No. 94-60723, 1995 U.S. App. LEXIS 43451, at *2 (5th Cir. Mar. 22, 1995) (holding that plaintiff's lost property claim accrued when he was initially told his property was missing, notwithstanding that defendant allegedly said it might ultimately be found)). By way of rebuttal, Plaintiff cites no legal authority and advances only one argument, which is that the statute of limitations for his FTCA claim did not begin to run until January 23, 2025, when he was informed via letter from Denise D. Wofford, Director of the Office of Copyright Records, that the deposit materials were missing. Opp'n (ECF No. 17-1) at 13-14. The Court should reject Plaintiff's attempt to circumvent Defendant's argument by implausibly asserting that the communication of April 25, 2017, "did not advise Plaintiff that the original deposit material was lost," *see id*. at 13, simply because the Office at that time advised that it would endeavor to search for and retrieve the deposit materials. *Id*. The reality, even if Plaintiff denies it, is that the deposit materials were lost in 2017 just as they were in 2025, and Plaintiff was on notice of this fact. Therefore, Plaintiff's claims are untimely and the Amended Complaint should be dismissed as time-barred.

## III. <u>Plaintiff's Common-Law Tort Claims and Other Miscellaneous Claims Should Be</u> Dismissed.

Further, the United States' motion to dismiss demonstrates that Plaintiff's common law tort claims—negligence *per se*, negligence, conversion, "wrongful destruction of property," and breach of fiduciary duty—are not actionable under the FTCA because they fail to satisfy the FTCA's requirement that the alleged injury (*i.e.*, the loss of deposit materials) must be analogous to a local tort under which a private party would be liable. Def.'s Mot. (ECF No. 15) at 11-12. The United States also showed that Plaintiff's miscellaneous claims arising out of nebulous allegations regarding violations of 17 U.S.C. § 106 and the Fifth Amendment should be dismissed, because the "the FTCA does not waive immunity for suits alleging constitutional torts or other federal-law

violations." *Id.* at 12-13; *see Randhawa v. Dep't of Homeland Sec.*, Civ. A. No. 22-3291 (DLF), 2024 U.S. Dist. LEXIS 24710, at *6 (D.D.C. Feb. 13, 2024); *see also Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."); *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009) ("Violations of federal law -- when not accompanied by any local law violation -- cannot support a suit under the FTCA).

The Court should reject Plaintiff's attempt to circumvent this argument by implausibly asserting that the limitations period only began to run upon an "official declaration that the deposit materials were officially confirmed lost or destroyed." *See id.* At most, a "discovery rule" applies and, under that rule, "a claim 'accrues when the injured party discovers—or in the exercise of due diligence should have discovered—that [he] has been injured." *Williams v. United States*, Civ. A. No. 17-783 (JEB), 2017 U.S. Dist. LEXIS 227156, at *16 (D.D.C. Nov. 1, 2027). Because Plaintiff admits that he was on notice in 2017 that the deposit materials could not be located, the two-year period for him to present a claim under the FTCA began to run at that time. *See id.* at *16-17. Therefore, Plaintiff's claims are untimely and the Amended Complaint should be dismissed.

## IV. Plaintiff's Damages Should Be Limited to His Property Damage Claim.

Finally, the United States' motion to dismiss argues that Plaintiff's personal injury claim should be dismissed based on his failure to notify the agency of this claim. Def.'s Mot. (ECF No. 15) at 13-14. Plaintiff's opposition does not identify any personal injuries, nor does it appear to dispute the representations of the United States that he has failed to put the United States on notice of his FTCA claim arising out of his purported personal injuries. Opp'n (ECF No. 17-1) at 19. Instead, Plaintiff requests that the Court decline to dismiss his personal injury claims because "through the validation of his copyrights, Plaintiff would be able to provide more cognizable damages suffered through the loss of royalties and licensing fees calculated over the years since

Plaintiff had a cause of action against infringement." *Id*. However, any purported damages from "loss or royalties and licensing fees" would not be probative of the existence of personal injuries. In any event, it is much too late for Plaintiff to exhaust any personal injury claim now, since it is well-established that he was required to put the Office on notice of any personal injuries in his SF-95 claim form. *See*, *e.g.*, *Tidd v. United States*, 786 F.2d 1565 (11th Cir. 1986) (affirming dismissal of FTCA case for lack of subject matter jurisdiction due to claimant's failure to provide agency with sufficient notice of personal injury in SF-95 claim form). And because he did not—and indeed, Plaintiff appears to concede that he did not—the Court should dismiss his Amended Complaint to the extent that he seeks damages arising out of personal injuries from the United States.

* * *

## CONCLUSION

For the reasons stated above, the Court should dismiss all claims in Plaintiff's Amended Complaint.

Dated: November 10, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Fithawi Berhane*

FITHAWI BERHANE
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-6653

*Attorneys for the United States of America*